UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,           )
                              )
            Plaintiff,        )
                              )
v.                            )     Case No. 16-cv-2032-CM-TJJ
                              )
TASER INTERNATIONAL, INC.,    )
                              )
            Defendant.        )

**ORDER DENYING DEFENDANT'S REQUEST
TO CONTINUE STAY OF DISCOVERY ON ANTITRUST CLAIMS
SUBJECT TO SPECIFIC LIMITS ON TIMING/FREQUENCY**

At the initial scheduling conference on May 3, 2016, the Court stayed all discovery, including Rule 26 disclosures, relating to Counts III-VIII of Plaintiff's Second Amended Complaint (antitrust claims),[1] until September 15, 2016, when the Court would revisit the issue at a status conference.[2] When the Court held the September 15, 2016 discovery status and scheduling conference, the parties presented their respective arguments for and against continuing the stay of antitrust discovery. The Court then continued the stay pending further Order of the Court and ordered the parties to file briefs addressing whether the stay of discovery on Plaintiff's antitrust claims should be extended pending a ruling on the motion to dismiss. The parties filed their memoranda on September 30, 2016.[3]

---

[1] These claims are the subject of Defendant's pending Motion to Dismiss (ECF No. 24).

[2] *See* Initial Patent Scheduling Order, ECF No. 40.

[3] *See* ECF Nos. 75 and 76.

I.      **Legal Standard for Staying Discovery and Pretrial Proceedings**

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[5] A stay is not favored because it can delay a timely resolution of the matter.[6] To that end, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[7] Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[8] Most notable is the well-established exception when the party requesting a stay has asserted absolute or qualified immunity in its dispositive motion.[9] Other instances where it is appropriate to stay discovery pending a ruling on a dispositive motion are when:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[10]

---

[4] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[5] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[6] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[7] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[8] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[9] *Tennant,* 2013 WL 4848836, at *1.

[10] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan.

A party seeking a stay of discovery has the burden to show a compelling reason for the issuance of a stay.[11]

## II. Whether Defendant's Assertion of Antitrust Immunity-Based Defenses in its Motion to Dismiss Warrants Continuation of the Stay of Antitrust Discovery

Defendant argues that its assertion of immunity-based defenses against Plaintiff's antitrust claims in its motion to dismiss supports extending the stay of discovery related to those claims. It asks the Court to maintain the current stay of antitrust discovery until Judge Murguia rules on its motion seeking to dismiss the antitrust claims. Defendant asserts the following three immunity-based defenses in its motion to dismiss: antitrust immunity under the *Noerr-Pennington* doctrine, the *Parker* state-action immunity doctrine, and the Local Government Antitrust Act of 1984 ("LGAA"). Defendant contends that it and all of the governmental entities Plaintiff seeks to subpoena are immune from liability under at least one of these doctrines and that this justifies continuing the existing stay of antitrust discovery.

As the Court stated at the September 15 status conference, Defendant has the burden to overcome the presumption that discovery should continue during the pendency of a dispositive motion in the absence of the assertion of an immunity defense, such as qualified immunity, that would relieve the party asserting the defense of the demands and burdens of litigation. Defendant is not asserting qualified immunity in its motion to dismiss, but rather argues that its antitrust immunity-based defenses are sufficiently analogous to qualified immunity so that the Court should continue the current stay of antitrust discovery.

---

July 13, 2016).

[11] *Cargill,* 2015 WL 3937395, at *1.

In response, Plaintiff argues that neither Defendant's assertion of the *Noerr-Pennington* doctrine, the *Parker* state-action immunity doctrine, nor the LGAA in its motion to dismiss entitles it to immunity from the "burdens of litigation." Plaintiff argues that in the District of Kansas the only circumstances requiring a stay of discovery and pretrial proceedings are when a defendant has asserted qualified, absolute, judicial, or Eleventh Amendment immunity.

As both parties acknowledge, the general rule in this District is that discovery not be stayed during the pendency of an early-filed motion to dismiss, absent the assertion of certain immunity defenses. A line of cases from both the United States Supreme Court and the Tenth Circuit Court of Appeals has validated the exception for stays of discovery and pretrial proceedings when a defendant has asserted qualified immunity in a pending dispositive motion.[12] The Supreme Court has noted that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[13] The Tenth Circuit has echoed that "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," and "[d]iscovery should not be allowed until the court resolves the threshold question" of immunity.[14] Qualified immunity protects federal and state officials from liability for discretionary functions, and from "the unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."

---

[12] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold [qualified] immunity question is resolved, discovery should not be allowed."); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (holding that when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).

[13] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[14] *Workman*, 958 F.2d at 336.

The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery."[15] As explained by the Supreme Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].[16]

Other cases from this District have also stayed discovery during the pendency of a dispositive motion in which a government defendant has asserted sovereign, judicial, or Eleventh Amendment immunity.[17]

The Court agrees with Plaintiff that historically in this District the immunity exceptions to the no-stay policy have been limited to qualified, sovereign, judicial, or Eleventh Amendment immunity, which are typically asserted by a governmental official or government entity in a motion to dismiss. In contrast, Defendant Taser is not a governmental official or government entity but rather a for-profit corporation. At the September 15, 2016 conference in this case, the

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert*, 500 U.S. at 236 (1991) (Kennedy, J., concurring in judgment)).

[16] *Iqbal*, 556 U.S. at 685.

[17] *See Tennant*, 2013 WL 4848836, at *1 (granting motion to stay discovery based upon motion seeking dismissal based in part on qualified and Eleventh Amendment immunity); *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *2 (D. Kan. Jan. 9, 2013) (granting stay of discovery pending a ruling on motion to dismiss asserting sovereign and judicial immunity); *Hwang v. Kansas State Univ.*, No. 11-4185-EFM, 2012 WL 3292835, at *2 (D. Kan. Aug. 13, 2012) (granting stay of discovery pending a ruling on the defendant's motion to dismiss based on sovereign immunity); *Wedel v. Craig*, No. 10-1134-EFM, 2010 WL 2545974, at *2 (D. Kan. June 22, 2010) (granting stay of discovery pending a ruling on motion to dismiss asserting Eleventh Amendment and judicial immunity).

Court set a deadline for the parties to file briefs on the stay issue, and specifically requested citations to any cases in which a stay was granted based upon the assertion of unique antitrust immunity arguments such as those asserted by Defendant here.  However, Defendant has not cited, and the Court has not located, any antitrust case in which the court granted a stay of discovery based upon the mere assertion of the same antitrust immunities Defendant asserts in its motion to dismiss.  One court has expressly rejected the arguments for an automatic, blanket stay of any and all antitrust discovery before an antitrust plaintiff's complaint survives a motion to dismiss.[18]

Defendant urges the Court to continue the stay by finding the antitrust immunities asserted by Defendant analogous to a qualified immunity defense. Defendant argues that just as in those case involving recognized immunity exceptions, even if Plaintiff were to show in this case that Defendant acted with an anticompetitive intent in soliciting municipalities to buy its products, Defendant could not be held liable under these doctrines. Defendant claims that, even as a private party, its right to immunity is just as worthy of a discovery stay as a government actor's right. The Court disagrees with Defendant on this point.  The concerns expressed by the Supreme Court in *Iqbal* are that the burdens of litigation discovery may impair "the proper execution of the Government."[19] Those cases granting a stay based upon a qualified immunity defense asserted by a government official or entity are therefore distinguishable from this case, where Defendant, a non-governmental entity, is asserting the immunity-based defense.

---

[18] *See In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (finding the Supreme Court's *Twombly* decision does not "erect an automatic, blanket prohibition on any and all discovery before an antitrust plaintiff's complaint survives a motion to dismiss.").

[19] *See Iqbal*, 556 U.S. at 685 (discussing reasons why government-official defendants asserting qualified immunity should be free of burdens of discovery).

The Court here finds no authority or any other basis to extend the rationale for staying discovery in the qualified immunity cases to the specific antitrust immunities asserted by Defendant in this case. In other words, the Court will not continue the stay simply based upon Defendant's assertion of the *Noerr-Pennington* doctrine, the *Parker* state-action immunity doctrine, and/or the LGAA in its motion to dismiss.

### III. Whether Defendant has Shown Continuing the Stay of Antitrust Discovery is Otherwise Warranted

As noted above, the weight of authority in this District is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending. In those instances in which a stay was granted at least one of the following three factors was present: (1) the case was *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the resolution of the pending motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[20]

#### A. Whether the Case is Likely to be Finally Concluded as a Result of a Ruling

Defendant admits a ruling on its motion to dismiss will not resolve the entire "case," but argues that a ruling on the motion will address all the antitrust, non-patent claims subject to the current stay. Defendant argues that because its motion is likely to resolve all Plaintiff's antitrust claims, this supports continuing the current stay of discovery on those claims. Defendant's motion to dismiss raises a number of complex arguments for the District Judge to consider that may resolve some or all of Plaintiff's five antitrust claims. In deciding whether to continue the existing stay of discovery on the antitrust claims, the Court declines to speculate how the District Judge may rule on the motion to dismiss. Accordingly, the Court cannot conclude that

---

[20] *Fattaey*, 2016 WL 3743104, at *2.

Defendant's motion is *likely* to finally conclude Plaintiff's antitrust claims. Additionally, the Court notes that in no event will a ruling on the motion to dismiss resolve the case in its entirety. This factor therefore does not support continuing the stay of antitrust discovery.

### B. Whether Facts Sought Through Discovery Would Affect Resolution of the Pending Motion

Defendant also argues that discovery on the antitrust claims will not affect resolution of the pending motion to dismiss. Plaintiff did not claim in its dispositive motion briefing that any discovery was necessary, nor did Plaintiff request the opportunity to conduct discovery as part of its response. The Court does not find this to be a sufficient reason to continue the stay of antitrust discovery.

### C. Whether Discovery on All Issues Would be Wasteful and Burdensome

Defendant's final argument is that allowing discovery on Plaintiff's antitrust claims would be wasteful and burdensome, and the onerous third-party discovery that Plaintiff plans to serve strongly favors maintaining the current stay. Defendant points out that Plaintiff has alleged misconduct by almost a dozen municipal entities, and the burden on those third parties—compared to the potential prejudice posed by continuing the stay—is significant. Defendant argues that continuing the current stay is the most just and inexpensive course, regardless of how the motion to dismiss is ultimately resolved. If Plaintiff's antitrust claims are dismissed, then any antitrust-related discovery will have been wasteful. If some claims survive in particular geographic areas, such as those limited to conduct in Kansas or California, a stay will still avoid waste by allowing the parties to focus only on those counts and jurisdictions. If the motion is denied in its entirety, Defendant maintains there would still be a full opportunity for Plaintiff to conduct antitrust discovery later without any demonstrable prejudice.

Plaintiff claims that, if permitted, it will propound discovery not only upon Defendant but also on specified customers of Defendant. Plaintiff advised the Court at the September 15, 2016 status conference that it intends to serve subpoenas duces tecum on at least ten governmental entities. The sole objective of the discovery will be to learn details regarding the sale of Defendant's body cameras. Plaintiff alleges that some of Defendant's customers have already submitted to state or city forensic audits regarding their purchase of body cameras and therefore have already assembled relevant documents and produced all knowledgeable personnel for questioning. Plaintiff further states that all of Defendant's customers have been the subject of repeated press inquiries and reports, as well as Freedom of Information Act ("FOIA")[21] requests by press and other interested persons. Plaintiff argues essentially that the third party subpoenas it plans to issue will not impose significant additional burdens on these third parties as these entities likely have already compiled the information sought by Plaintiff's proposed subpoenas.

The Supreme Court has recognized that discovery in an antitrust case can quickly become enormously expensive and burdensome to defendants.[22] Recognition of the hefty costs associated with antitrust discovery, however, is not tantamount to an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of a complaint.[23] Such recognition does, however, suggest that the court should be particularly mindful of the course of discovery it will authorize in antitrust cases.

---

[21] 5 U.S.C. § 552(a).

[22] *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007) ("[I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive.").

[23] *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (granting temporary stay on discovery of information relating to patent damages pending the outcome of motion to dismiss the antitrust and state law claims).

Keeping in mind the potential for antitrust discovery to be burdensome, especially given Plaintiff's intent to subpoena voluminous documents from at least ten third parties, the Court evaluates the competing concerns here. If antitrust discovery is allowed to proceed and the District Judge ultimately grants Defendant's motion to dismiss as to all five counts, then the time and expense incurred by the subpoenaed non-parties and Defendant have been wasted. On the other hand, forestalling antitrust discovery until a ruling on the motion to dismiss could put the antitrust discovery well behind discovery on the patent claims. Defendant has already obtained a stay of antitrust discovery for the past six months (since the filing of its motion to dismiss in April 2016). The claim construction hearing in this case is set for March 28, 2017, and the deadline for close of fact discovery (exclusive of antitrust claims) is currently set 30 days after the Court's claim construction ruling. After carefully considering and balancing Plaintiff's right to have its case proceed in a timely manner against the risk that a ruling on the motion to dismiss will dispose of all Plaintiff's antitrust claims, the Court denies Defendant's request to continue the previous stay of discovery relating to Plaintiff's antitrust claims, but will set limits on the timing and frequency of the allowed antitrust discovery.

In considering what limits to impose on antitrust discovery, the Court looks to Federal Rule of Civil Procedure 26(b)(1), which limits the scope of discovery to what is relevant and proportional to the needs of the case. The proportionality analysis requires the Court to consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit[24].

---

[24] Fed. R. Civ. P. 26(b)(1).

The Court must limit the frequency or extent of the proposed discovery if it is outside the scope permitted by Rule 26(b)(1).[25]

Bearing in mind that the substantial discovery Plaintiff intends to obtain by subpoena from multiple third-party municipalities will be rendered irrelevant and disproportionate if and to the extent Defendant's motion to dismiss is granted, the Court will stage the timing/frequency of the subpoenas that Plaintiff seeks to serve, subject to any interim ruling on the pending motion to dismiss, as follows:

Absent a ruling granting Defendant's motion to dismiss, Plaintiff may serve up to but not exceeding three (3) subpoenas duces tecum on or before **November 15, 2016.**

Absent a ruling granting Defendant's motion to dismiss, Plaintiff may serve an additional three (3) subpoenas duces tecum on or before **December 15, 2016.**

Absent a ruling granting Defendant's motion to dismiss, Plaintiff may serve an additional three (3) subpoenas duces tecum on or before **January 13, 2017**.

If the motion to dismiss is still pending as of January 10, 2017, the Court will revisit the issue at the telephone discovery status conference set at that time. The Court reminds Plaintiff of its duty under Fed. R. Civ. P. 45(d)(a) to take reasonable steps to avoid imposing an undue burden or expense on any subpoenaed entity.

## IV. Setting of Case Deadlines for Antitrust Claims

Because the operative scheduling order entered in this case only includes deadlines regarding Plaintiff's patent infringement claims,[26] the parties are ordered to confer regarding a proposed schedule for the antitrust claims, including to the extent appropriate or necessary,

---

[25] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[26] *See* Second Patent Scheduling Order, ECF No. 73.

deadlines for the exchange of Rule 26(a) initial disclosures, completion of antitrust discovery, expert disclosures, and/or any other case deadlines that the parties believe should be set by the Court. The parties shall submit their joint proposed deadlines for the antitrust claims on or before **November 15, 2016** to *KSD_James_chambers@ksd.uscourts.gov*.

**IT IS THEREFORE ORDERED THAT** Defendant's request to continue the previous stay of discovery relating to Counts III-VIII of Plaintiff's Second Amended Complaint (antitrust claims) is DENIED. The previously imposed stay of all discovery relating to Plaintiff's antitrust claims is hereby lifted, but subject to the specific limits and frequency set forth herein and subject to any ruling in the interim on the pending motion to dismiss.

**IT IS FURTHER ORDERED THAT** the parties shall submit their joint proposed deadlines for the antitrust claims on or before **November 15, 2016.**

**IT IS SO ORDERED.**

Dated this 13th day of October 2016, at Kansas City, Kansas.

 *s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge