IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DIGITAL ALLY, INC.,**                )
                                       )
        **Plaintiff,**                )
                                       )
v.                                     )
                                       ) Case No. 16-2032
**TASER INTERNATIONAL, INC.,**         )
                                       )
        **Defendant.**                )
_____)

**MEMORANDUM AND ORDER**

Plaintiff Digital Ally, Inc., filed this lawsuit, alleging that defendant TASER International, Inc., violated federal and state antitrust and unfair competition law.  Highly summarized, plaintiff claims that defendant conspired with and bribed numerous municipalities to purchase its law enforcement body cameras, effectively denying plaintiff market access.  Plaintiff also raises claims of patent infringement, but those claims are not presently before the court.  Defendant moved to dismiss all of the antitrust and unfair competition claims.  (Doc. 24.)  Among other arguments, defendant claims that it is entitled to *Noerr-Pennington*[1] immunity.  The court agrees.  For the following reasons, the court grants defendant's motion.

Plaintiff and defendant both sell body-worn cameras to law enforcement.  Plaintiff claims that defendant has conspired with law enforcement agencies to exclude plaintiff and others from competition.  Plaintiff quotes a number of news reports that suggest that defendant essentially bribed members of law enforcement and their agencies to buy its products.  According to plaintiff, defendant was able to get several agencies to buy its body cameras without submitting competing bids with other sellers.

---

[1] *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965).

-1-

In Counts III and IV of its complaint, plaintiff alleges violations of federal antitrust law, citing the Sherman Act and the Robinson Patman Amendments to the Clayton Act.  *See*  15 U.S.C. §§ 1 (Sherman); 13(c) (Robinson Patman).  The Supreme Court, however, has limited the reach of this law. *See City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 379–80 (1991) ("*Omni*") ("The federal antitrust laws do not regulate the conduct of private individuals in seeking anticompetitive action from the government.").  In *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, the Court held that when private individuals took actions designed to influence government action, those individuals were immune from antitrust liability.  This doctrine (called the "*Noerr-Pennington* doctrine") "exempts from antitrust liability any legitimate use of the political process by private individuals, even if their intent is to eliminate competition."  *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997); *see also Omni*, 499 U.S. at 383 ("In *Noerr* itself, where the private party 'deliberately deceived the public and public officials in its successful lobbying campaign, we said that 'deception, reprehensible as it is, can be of no consequence so far as the Sherman Act is concerned.'").  Once a defendant asserts the *Noerr-Pennington* doctrine, the plaintiff bears the burden of showing it does not apply.  *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1053 (D. Kan. 1999) (citing *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1558 n.9 (11th Cir. 1992)).

To avoid application of *Noerr-Pennington* immunity, antitrust plaintiffs have urged courts to apply exceptions to the doctrine.  They have advocated for a conspiracy exception, a bribery exception, and a commercial exception.  In *Omni*, the Supreme Court rejected a conspiracy exception.  499 U.S. at 383.  Conspiring with government officials is acceptable, just as is petitioning them for action.  *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 883 (10th Cir. 2005).  Likewise, *Omni* addressed bribery, declining to create a bribery exception.  *Id.* at 378 (addressing state-action immunity

under *Parker v. Brown*, 317 U.S. 341 (1943)); *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 898 (10th Cir. 2011) ("The Supreme Court in [*Omni*] understood that risk and held that corruption—and even bribery explicitly—would not vitiate a claim of *Noerr-Pennington* immunity."). And other courts have rejected a commercial exception. *See*, *e.g., Greenwood Utils. Comm'n v. Miss. Power Co.*, 751 F.2d 1484, 1505 (5th Cir. 1985); *see also TEC Cogeneration Inc. v. Fla. Power & Light Co.*, 76 F.3d 1560, 1573 (11th Cir. 1996); *Bright v. Ogden City*, 634 F. Supp. 31, 35 (D. Utah 1985), *aff'd sub nom. Bright v. Moss Ambulance Serv.*, 824 F.2d 819 (10th Cir. 1987); *cf. Allright Colo., Inc. v. City & Cty. of Denver*, 937 F.2d 1502, 1510 & n.11 (10th Cir. 1991) (holding that state-action immunity applied despite the City's status as a possible competitor).

Without application of these potential exceptions, defendant remains immune for its actions intended to influence municipalities' decisions. The court believes that this conclusion is dictated by the Tenth Circuit's decision in *Coll v. First American Title Insurance Co.* In *Coll*, the plaintiffs claimed that the defendants (insurers) conspired with each other and the state superintendent of insurance to bribe the superintendent to set unreasonably high insurance premium rates. 642 F.3d at 886. The Tenth Circuit panel held that the defendants were immune under *Noerr-Pennington*, regardless of whether the allegations involved bribery or corruption. *Id.* at 898–99. In so holding, the court relied heavily on the Supreme Court's decision in *Omni*.

Plaintiff urges this court to regard *Omni*'s language addressing bribery and corruption as non-binding dicta. (Doc. 35, at 33–35.) Plaintiff also argues that *Coll* is directly contrary to other Tenth Circuit authority. (*Id.* at 39–40.) But *Coll* certainly did not treat the language in *Omni* as dicta. And the one case plaintiff cites that did not allow antitrust claims to proceed based on an exception for bribery and corruption—*Instructional Systems Development Corp. v. Aetna Casualty and Surety Co.*, 817 F.2d 639 (10th Cir. 1987)—preceded *Omni*. The court also does not agree with plaintiff's

assessment that the Supreme Court recently abrogated *Omni* in its decision *North Carolina State Board of Dental Examiners v. FTC*, 135 S. Ct. 1101 (2015).  There, the dissent complained that the majority had diminished the impact of *Omni*'s holding.  135 S. Ct. at 1122 (Alito, J., dissenting).  This, however, is not the same as recognizing abrogation of a prior Supreme Court decision.

To be certain, plaintiff made many additional arguments why the actions of defendant should not be immune to antitrust liability.  The court has fully considered those arguments, even though not addressed here.  Based on the law in the Tenth Circuit, plaintiff simply cannot overcome *Noerr-Pennington* immunity.  That fact is also dispositive of plaintiff's claims under Kansas law (Counts VII and VIII).  *See* Kan. Stat. Ann. § 50-163(b) ("The Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States Supreme Court.")

As for Count V—plaintiff's claim under § 17043 of the California Unfair Trade Practices Act—the court dismisses this claim, as well.  Section 17043 makes it "unlawful for any person engaged in business within this State to sell any article or product at less than the cost thereof to such vendor, or to give away any article or product, for the purpose of injuring competitors or destroying competition."  But to state a cause of action under this section, a plaintiff must plead the defendant's costs and prices.  *Eastman v. Quest Diagnostics Inc.*, 108 F. Supp. 3d 827, 838 (N.D. Cal. 2015).  Plaintiff has not done so.

Count VI likewise is subject to dismissal.  Plaintiff seeks relief under the California Unfair Competition Law ("UCL").  This claim is derivative of plaintiff's other claims.  *See Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012).  Because the court has dismissed plaintiff's underlying claims, this claim must be dismissed like the others.

-5-

**IT IS THEREFORE ORDERED** that Defendant Taser International, Inc.'s Motion to Dismiss Second Amended Complaint (Doc. 24) is granted.  Counts III-VIII are dismissed.

Dated this <u>12th</u> day of January, 2017, at Kansas City, Kansas.

            <u>s/ Carlos Murguia</u>
            **CARLOS MURGUIA**
            **United States District Judge**