**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DIGITAL ALLY, INC.                    )
                                      )
         Plaintiff,                   )
                                      )
v.                                    )   Case No. 2:16-cv-02032
                                      )
TASER INTERNATIONAL, INC.             )
                                      )
         Defendant.                   )

**DEFENDANT TASER INTERNATIONAL, INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF DIGITAL ALLY, INC.'S MOTION TO ALTER, AMEND, OR
RECONSIDER, OR IN THE ALTERNATIVE, TO CERTIFY
PURSUANT TO FED. R. CIV. P. 54(b)**

**TABLE OF CONTENTS**

I. INTRODUCTION. ...........................................................................................................1

II. PROCEDURAL BACKGROUND ..................................................................................2

III. DIGITAL'S MOTION TO AMEND, ALTER, OR RECONSIDER IS NOT PROPERLY BROUGHT. ..................................................................................................3

IV. DIGITAL'S ARGUMENTS DO NOT CHANGE THE COURT'S HOLDING DISMISSING COUNT III OF THE COMPLAINT ..........................................................5

    A. Noerr-Pennington Immunity Applies to Antitrust Claims, Including the Robinson Patman Amendments to the Clayton Act. ..............................................5

    B. TASER's Other Grounds for Dismissal Still Apply, Including that Digital Cannot State, and Has Not Stated, a Claim for Relief Under § 2(c) ........................9

V. TASER DOES NOT OPPOSE DIGITAL ALLY'S MOTION TO CERTIFY UNDER RULE 54(B). .....................................................................................................10

VI. CONCLUSION ...............................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Archer v. Colvin*,
    No. 13-4098-SAC, 2015 WL 2365539, at *1 (D. Kan. May 18, 2015)...................................3

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
    369 F.3d 212 (2d Cir. 2004).................................................................................................9

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
    429 U.S. 477, 489 (1977).....................................................................................................9

*California Motor Transport Co. v. Trucking Unlimited*,
    404 U.S. 508 (1972).............................................................................................................6

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*,
    208 F.3d 885 (10th Cir. 2000) (*en banc*) ............................................................................8

*City of Columbia v. Omni Outdoor Advertising, Ind.*,
    499 U.S. 365 (1991).................................................................................................2, 4, 6, 8

*Coll v. First Am. Title Ins. Co.*,
    642 F.3d 876, 898 (10th Cir. 2011) .....................................................................................6

*Computer Assocs. Intern, Inc. v. Am. Fundware, Inc.*,
    831 F. Supp. 1516, 1522 (D. Colo. 1993)............................................................................8

*Evolution, Inc. v. SunTrust Bank*,
    342 F. Supp. 2d 943, 964 (D. Kan. 2004) ............................................................................4

*Jackson v. Park Place Condominiums Assoc.*,
    No. 13-2626-CM, 2015 WL 2340499, at *1 (D. Kan. May 14, 2015) ........................3, 4, 5

*Jefferson County Pharm. Ass'n, Inc. v. Abbott Labs.*,
    460 U.S. 150 (1983).........................................................................................................4, 7

*Myers v. United States*,
    Civil Action No. 12-4005-KHV, 2014 WL 51285, *1 (D. Kan. Jan. 7, 2014).....................4

*Phelps v. Hamilton*,
    122 F.3d 1309, 1324 (10th Cir. 1997) .................................................................................3

*Servants of the Paraclete v. Does*,
   204 F.3d 1005, 1012 (10th Cir. 2000) ........................................................................................3

*Tal v. Hogan*,
   453 F.3d 1244, 1260 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007)..............................7

*TEC Cogeneration Inc., RRD v. Florida Power & Light Co.*,
   76 F.3d 1560, 1567 n.20 (11th Cir. 1996) ..............................................................................6, 7

*Will v. Michigan Dept. of State Police*,
   491 U.S. 58, 73 (1989).................................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 59(e) ...................................................................................................1, 4, 9, 10

Fed. R. Civ. P. 54(b) ............................................................................................................1, 10

## I. INTRODUCTION.

Digital's motion again argues the Supreme Court's *Omni* holding is *dicta*. The Court and the parties already addressed this issue. Digital has not satisfied any of the limited grounds for reconsideration permitted under Rule 59(e). That fact alone warrants denial.

On the merits, Digital's argument also fails. Digital asserts *Noerr-Pennington* immunity under *Omni* does not apply to "bribery" claims brought under § 2(c) of the Robinson Patman Amendments to the Clayton Act. *Omni* itself compels the opposite conclusion. Nevertheless, Digital attempts to rely on a 1983 Supreme Court case that: (1) does not address *Noerr-Pennington* immunity at all; (2) pre-dates the Supreme Court's *Omni* decision by 8 years; and (3) was not cited anywhere in Digital's brief opposing TASER's Motion to Dismiss.

This "new" authority is neither new nor authoritative. It is simply not on point. *Omni's* holding is clear. Yet Digital asks this Court to find a "Robinson Patman §2(c)" exception, on a motion for reconsideration, that Digital admits no other court has recognized in the 26 years since *Omni* was decided. Such an exception would also be contrary to the 10th Circuit's application of *Omni* to bar "bribery" allegations like Digital's here. Finally, Digital does not address any of the alternative dismissal grounds in TASER's original motion, all of which still stand. In short, Digital's motion should be denied.

On the issue of Rule 54(b) certification, Digital now agrees with TASER that the antitrust and unfair competition claims are "separate and distinct" from the patent claims. Based on Digital's concession that these dismissed claims are "so distinct" and "discrete" that they can, and should, be decided separately from the patent claims, TASER does not oppose Digital's request for Rule 54(b) certification.

## II. PROCEDURAL BACKGROUND.

Digital filed its original Complaint on January 14, 2016. (Doc. No. 1.) Before TASER's deadline to answer, Digital filed an Amended Complaint on February 2, 2016, adding antitrust and unfair competition claims (Counts III-VII). (Doc. No. 9.) After sending a Rule 11 letter to Digital about *Omni* and the deficiencies in Digital's antitrust pleading, which included basic mis-citations of the relevant statutes (*see* Doc. No. 25 at n.2.), TASER moved to dismiss the Amended Complaint on March 4, 2016. (Doc. No. 16.) Without agreement of the parties or leave of Court, Digital then filed a Second Amended Complaint (hereinafter, "Complaint") on March 18, 2016. (Doc. No. 18.) Digital made no significant revisions to its antitrust and unfair competition claims in the Complaint.

On April 1, 2016, TASER renewed its motion to dismiss Digital's antitrust and unfair competition claims. (Doc. No. 25.) TASER argued these claims were barred on multiple grounds of antitrust immunity, including *Noerr-Pennington* immunity, *Parker* state-action immunity, and/or the Local Government Antitrust Act of 1984, and that Digital had failed to state claims for relief under the Supreme Court's *Iqbal* and *Twombly* decisions. (*See id.* at 9-15.) For its opposition, Digital obtained leave to file over-length argument and authorities (*See* Doc. Nos. 29, 34.), and ultimately submitted a 58-page brief. (*See* Doc. No. 35.) The parties completed briefing on May 20, 2016. (Doc. No. 48.) From the close of briefing until the Court's Order dismissing its claims, Digital never moved for leave to file a sur-reply, or sought to provide any supplemental authority or briefing.

On January 12, 2017, the Court issued its Memorandum and Order granting TASER's motion. (Doc. No. 105.) Concluding that Digital's antitrust and unfair competition claims should be dismissed, the Court found that TASER was immune from such claims under *Noerr-Pennington* antitrust immunity, consistent with *City of Columbia v. Omni Outdoor Advertising,*

2

*Ind.*, 499 U.S. 365 (1991) (hereinafter "*Omni*") and other authorities. (*Id.* at 3.) Though noting "plaintiff made many additional arguments why the actions of defendant should not be immune to antitrust liability," the Court stated it "fully considered those arguments, even though not addressed" in its Order. (*Id.* at 4.)

Digital's present motion for reconsideration comes more than 8 months after its over-length opposition briefing. Digital now limits its challenge to the dismissal of Count III – alleged unfair competition violations under the Robinson Patman Amendments to the Clayton Act § 2(c), for which it again argues *Noerr-Penington* immunity does not apply. (*See* Doc. No. 107 at 18.)

### III. DIGITAL'S MOTION TO AMEND, ALTER, OR RECONSIDER IS NOT PROPERLY BROUGHT.

Digital fails to satisfy its threshold burden to bring the instant motion. *See* FED. R. CIV. P. 59(e). Instead, Digital repackages the arguments already rejected by this Court, citing case law it could have identified in its original opposition brief. Digital's motion also does not address the specific grounds upon which a party is permitted to file a Rule 59(e) motion.

A decision to grant or deny a motion to reconsider is within the court's sound discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). As this Court has made clear, under Rule 59(e) "the grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice." *Jackson v. Park Place Condominiums Assoc.*, No. 13-2626-CM, 2015 WL 2340499, at *1 (D. Kan. May 14, 2015) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Absent one of these 'highly unusual circumstances,' 'the court should not grant a Rule 59(e) motion.'" *Archer v. Colvin*, No. 13-4098-SAC, 2015 WL 2365539, at *1 (D. Kan. May 18, 2015) (citation omitted). Such motions are not appropriate

3

for "revisit[ing] issues already addressed or to advance arguments that could have been raised in prior briefing." *Jackson*, 2015 WL 2340499, at *1 (citation omitted).  Neither is it "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Jackson*, 2015 WL 2340499, at *1 (citation omitted).

     Digital is silent on the grounds allegedly justifying its motion.  Digital does not claim a change in the law or new evidence.  Nor does Digital expressly claim clear error or manifest injustice.  Instead, Digital simply asserts that the holding in *Jefferson County Pharm. Ass'n, Inc. v. Abbott Labs.*, 460 U.S. 150 (1983), means that *Noerr-Pennington* antitrust immunity is not applicable to "bribery" claims under the Robinson Patman Amendments to the Clayton Act. (Doc. No. 107 at 9.)  In other words, Digital merely presents an additional case to support an argument already rejected.  Even if Digital now considers that case to be its best authority, "[a] party's failure to present its strongest case in the first instance does not entitle her to a second chance in the form of a motion to reconsider."  *Myers v. United States*, Civil Action No. 12-4005-KHV, 2014 WL 51285, *1 (D. Kan. Jan. 7, 2014).  And "[t]he purpose of 59(e) motions is 'reconsideration, not initial consideration.'"  *Evolution, Inc. v. SunTrust Bank*, 342 F. Supp. 2d 943, 964 (D. Kan. 2004).

     Digital previously argued "there can be no question 'that Congress intended to bring commercial bribery within the ambit of [Clayton Act] section 2(c) [15 U.S.C. § 13(c)],'" and called out cases suggesting that bribery claims were within the purview of § 2(c). (Doc. No. 35 at 27-28.)  But, as TASER explained in its Reply, the case law relied on by Digital was pre-*Omni*, in which the Supreme Court specifically rejected bribery or conspiracy immunity exceptions.  (Doc. No. 48 at 3-5 (citing *Omni*, 499 U.S. at 378).)  Perhaps more importantly, TASER explained that the bribery analysis in *Omni* was not mere *dicta*, as Digital claimed then

4

-
-

and claims now. (*See* Doc. No. 105 at 4-5.) These issues have already been litigated and decided.

As shown below, Digital's new authority adds nothing to the analysis. But even before reaching the substance of the *Jefferson* case, the Court is within its discretion to deny Digital's motion for merely attempting to "dress up arguments that previously failed" with authority it could have cited during initial briefing. *Jackson*, 2015 WL 2340499, at *1 (quotation omitted).

## IV. DIGITAL'S ARGUMENTS DO NOT CHANGE THE COURT'S HOLDING DISMISSING COUNT III OF THE COMPLAINT.

Even addressed on its merits, Digital's second attempt to avoid dismissal of its antitrust claims is simply wrong about the law of immunity and its application to § 2(c). The *Jefferson County* case Digital now proffers is decades old, pre-dates *Omni*, and does not stand for the proposition Digital claims. Even if Digital could in theory avoid *Noerr-Pennington* immunity for its § 2(c) claim, Digital has still failed to state a claim for relief for the additional reasons explained in TASER's original briefing. Accordingly, Digital's motion should be denied.

### A. *Noerr-Pennington* Immunity Applies to Antitrust Claims, Including the Robinson Patman Amendments to the Clayton Act.

Digital contends that the Supreme Court's analysis in *Jefferson County* somehow undermines the Court's conclusion that Digital's § 2(c) claim is barred by *Noerr-Pennington* immunity. (*See* Doc. No. 107 at 9-15.) In short, Digital still insists *Omni* does not apply to "bribery" claims under § 2(c). Digital's position suffers from two faulty premises. First, *Omni*'s holding is on point. It squarely considered bribery claims and ruled that *Noerr-Pennington* immunity applied to them. Second, *Jefferson County* is not even an immunity case, and therefore is entirely irrelevant to the Court's analysis.

As this Court stated in its Order, "[i]n *Omni*, the Supreme Court rejected a conspiracy exception." (Doc. No. 105 at 2.) "Likewise, *Omni* addressed bribery, declining to create a

5

bribery exception." (*Id.* (citing *Omni*, 499 U.S. at 378, and further citing *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 898 (10th Cir. 2011)); *see* Doc. No. 48 at 3 (quoting *Omni*, 499 U.S. at 378 and rejecting "approach which would consider *Parker* inapplicable only if, in connection with the governmental action in question, bribery or some other violation of state or federal law has been established").)  Moreover, in addition to noting abundant authority following this holding (Doc. No. 105 at 3), this Court observed that the Tenth Circuit has applied *Noerr-Pennington* immunity "regardless of whether the allegations involved bribery or corruption." (*Id.* at 3 (citing *Coll*, 642 F.3d at 898-99).)

Digital's argument is also undermined by the fact that *Omni* considered and explicitly cited case law involving § 2(c) in reaching its holding.  *See Omni*, 499 at 381-84 (discussing sham exception in *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972)). The effect of this cannot be overstated:  the *Omni* court, aware of § 2(c) claims under the Robinson Patman Amendments, still held in favor of broad immunity protection, encompassing conspiracy and bribery.  The literal absence of the terms "Robinson Patman" or "§ 2(c)" in the text of the *Omni* decision does not make its holding any less applicable to such claims.

By positing that *Omni* is *dicta* in the context of a § 2(c) claim, Digital simply rearticulates an argument this Court rejected.  (Doc. No. 105 at 3-4, finding that *Coll* did not treat *Omni* as dicta, and rebuffing Digital's argument that *Omni* has been abrogated.)  *Omni* specifically held that bribery claims – the very ones Digital attempted to allege – are immune under *Noerr-Pennington*.

Other cases have also applied *Noerr-Pennington* immunity to Robinson Patman claims, not just Sherman Act claims.  This includes the *TEC Cogeneration* case cited in the Court's Order granting TASER's motion to dismiss.  *See TEC Cogeneration Inc., RRD v. Florida Power*

6

*& Light Co.*, 76 F.3d 1560, 1567 n.20 (11th Cir. 1996) (identifying claim of unlawful price discrimination in violation of "Section 2 of the Clayton Act, as amended by the Robinson Patman Act, 15 U.S.C. § 13"). There, the lower court granted summary judgment that the defendant was not entitled to *Noerr-Pennington* immunity. *See id.* at 1564. In reversing the lower court, the Eleventh Circuit held that the defendant's "conduct is protected under *Noerr/Pennington* and does not fall under any exception, commercial or otherwise." *Id.* at 1573. Accordingly, the Court's holding here is on solid ground.

Digital's suggestion that *Jefferson County* refused to recognize *Noerr-Pennington* immunity for § 2(c) claims, "putting a stake through the heart of *Noerr-Pennington*," is simply inaccurate. (Doc. No. 107 at 9, 15.) *Jefferson County* does not discuss *Noerr-Pennington,* or any other immunity doctrine, because *Jefferson County* is not an immunity case. The question addressed in *Jefferson County* was whether a *government entity* could be subject to the Robinson Patman Act in the first place. That question is completely irrelevant to and distinguishable from the analysis here, whether a *private company* who allegedly bribed a government entity could claim a First Amendment right to request allegedly anticompetitive government action. *See* 460 U.S. 153; *accord Will v. Michigan Dept. of State Police*, 491 U.S. 58, 73 (1989) (citing *Jefferson County* to explain that "'persons' ordinarily excludes the sovereign").

A government actor – as opposed to a private company – does not have the First Amendment right citizens have to petition the government (*i.e.,* the foundation of *Noerr-Pennington*). So it makes sense that *Jefferson County* would not examine that doctrine. *See generally Tal v. Hogan*, 453 F.3d 1244, 1260 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007) (stating that the "doctrine is grounded in the First Amendment" as well as a statutory interpretation of the Sherman Act); *Cardtoons, L.C. v. Major League Baseball Players Ass'n*,

208 F.3d 885 (10th Cir. 2000) (*en banc*) (stressing that the doctrine reflected two roots: the First Amendment and a statutory interpretation of the Sherman Act); *Computer Assocs. Intern, Inc. v. Am. Fundware, Inc.*, 831 F. Supp. 1516, 1522 (D. Colo. 1993) (noting that the *Noerr-Pennington* doctrine "is fundamentally based on First Amendment principles").

Digital's argument that *Jefferson County* somehow – through silence – ruled on *Noerr-Pennington* at all, let alone implicitly rejected it, simply does not follow. It is entirely consistent for antitrust laws to apply to the conduct of government entities in *Jefferson County*, while the First Amendment protects private citizens like TASER in their dealings with government actors. In other words, Digital's contention that *Jefferson County* is contrary to the result in this case is unfounded. To be sure, *Omni* did not examine, discuss, or cite to the issue presented in *Jefferson County*. But that merely confirms the Supreme Court was addressing different questions in each case. And even if both *Omni* and *Jefferson County* were deemed to address the same issue, *Omni* is more recent and therefore controls.

Further, the language in *Omni* does not suggest a different result could be reached depending on the specific statutory basis alleged for the "bribery" claims. *Omni*'s analysis addressed antitrust claims broadly. *See Omni*, 499 U.S. at 379 (reiterating that "with the possible market participant exception, any action that qualifies as state action is *ipso facto* . . . exempt from the operation of the antitrust laws") (emphasis in original). And such a commercial or "market participant" exception has been rejected in the 10th Circuit, as this Court noted in its Order granting TASER's motion to dismiss. (Doc. No. 105 at 3.)

What Digital now asks this Court to do – on a motion for reconsideration – is to find a *dicta* "exception" to *Omni* that: (1) no other Court has articulated since *Omni* was decided in 1991; and (2) is contrary to the 10th Circuit's application of *Omni,* and *Noerr-Pennington*

8

immunity, to precisely the same type of conduct alleged in Digital's Second Amended Complaint.

### B. TASER's Other Grounds for Dismissal Still Apply, Including that Digital Cannot State, and Has Not Stated, a Claim for Relief Under § 2(c).

Because Digital lacks a proper purpose in seeking reconsideration under Rule 59(e), and only rehashes arguments this Court has already rejected, the Court need not reach the sufficiency of Digital's pleading of a violation of § 2(c). TASER reiterates, however, that regardless of *Noerr-Pennington*, all the other grounds for dismissal identified in its motion still apply. For example, Digital has failed to state a claim for relief. At the very least, Digital must set forth allegations sufficient to establish commercial bribery. *See generally Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212 (2d Cir. 2004) (dismissing § 2(c) claim). As TASER's motion to dismiss originally pointed out, the conclusory hyperbole in the Complaint falls short. (*See* Doc. No. 25 at 19.)

Similarly, Digital failed to plead threshold facts supporting the necessary elements of injury and antitrust standing. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977) (requiring the plaintiff to show (1) injury in fact; (2) that has been caused by the violation; and (3) that is the type of injury contemplated by the statute). Here, the Complaint provides only superficial conclusions that Digital has been injured by TASER. These conclusions are not entitled to an inference of truth. None of the allegations directed at Digital's § 2(c) claim rise to the threshold required under *Iqbal* and *Twombly*, and they remain suited for dismissal.

Finally, Digital's claims do not survive dismissal under either *Parker* state-action immunity or the Local Government Antitrust Act of 1984, for all the reasons set forth in TASER's original motion briefing.

9

## V. TASER DOES NOT OPPOSE DIGITAL ALLY'S MOTION TO CERTIFY UNDER RULE 54(B).

Digital previously argued that its antitrust and unfair competition claims were so closely related to its patent claims that they should all proceed on the same case management track. (*See* Report of Parties' Planning Conference at 8 (Apr. 26, 2016) (requesting a single discovery schedule for all claims as opposed to a stay of antitrust discovery).) TASER disagreed. The Magistrate Judge ultimately ended up setting separate schedules for the patent and antitrust claims.

Now, so that it may appeal the Court's Order, Digital asks the Court to certify its Order as a final order or judgment within the meaning of FED. R. CIV. P. 54(b). (*See* Doc. No. 107 at 18.) In so moving, Digital now acknowledges that its antitrust and unfair competition claims are "separate and distinct" from its still-pending patent claims. (*Id.* at 17.) Indeed, Digital relies on the fact that the patent claims are "so separate and distinct in fact that they have been proceeding along their own litigation track unaffected by the anti-trust claims." (*Id.*)

TASER agrees with Digital's acknowledgment that these claims are separate and should remain that way. Accordingly, TASER does not oppose Digital's request for Rule 54(b) certification.

## VI. CONCLUSION.

The Court should deny Digital's Motion to Alter, Amend, or Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. If the Court does deny Digital's motion, TASER does not oppose Digital's request for certification under Rule 54(b).

| | |
|---|---|
| DATE: February 9, 2017 | SHOOK, HARDY & BACON L.L.P. |
| | |
| | */s/ Lynn C. Herndon* |
| | Lynn C. Herndon  (D. Kan. # 78369) |
| | lherndon@shb.com |
| | B. Trent Webb (KS Bar # 15965) |
| | bwebb@shb.com |
| | John D. Garretson (D. Kan. # 78465) |
| | jgarretson@shb.com |
| | Zach Chaffee-McClure (KS Bar # 23479) |
| | zmcclure@shb.com |
| | 2555 Grand Blvd. |
| | Kansas City, MO  64108-2613 |
| | Phone: 816-474-6550 |
| | Fax: 816-421-5547 |
| | |
| | Pamela B. Petersen, Esquire (admitted *pro hac vice*) |
| | Arizona Bar No. 011512 |
| | TASER International, Inc. |
| | 17800 N. 85th Street |
| | Scottsdale, AZ 85255-9603 |
| | Telephone: (623) 533-3875 |
| | Facsimile: (480) 905-2027 |
| | ppetersen@taser.com |
| | Secondary: legal@taser.com |
| | |
| | *Attorneys for TASER International, Inc.* |

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all attorneys of record linked to this case.

                                                   ***/s/ Lynn C. Herndon***
                                                   Lynn C. Herndon

7998501