UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,                          )
                                             )
                        Plaintiff,           )
                                             )
v.                                           )          Case No. 16-cv-2032-CM-TJJ
                                             )
TASER INTERNATIONAL, INC.,                   )
                                             )
                        Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay Litigation Pending *Inter Partes* Review of the Asserted Patents (ECF No. 108). Defendant requests an order staying this litigation pending final resolution of its four petitions for *inter partes* review before the Patent Trial and Appeal Board ("PTAB") related to the two patents at issue in this case. Plaintiff opposes a stay of this litigation, arguing that one of the patents has already survived prior reexamination proceedings initiated by Defendant, Plaintiff will be prejudiced by further delay of this case by Defendant's continuing patent infringement as a rival competitor, and both parties have expended significant resources in this case reviewing discovery and source code and completing the claim construction briefing process. As explained below, the Court grants Defendant's motion in part and temporarily stays this case until the PTAB issues its initial decisions with respect to Defendant's petitions for *inter partes* review.

## I.     RELEVANT BACKGROUND FACTS

Plaintiff Digital Ally, Inc. filed this patent infringement case on January 14, 2016, alleging that body-worn camera products sold by Defendant TASER International, Inc. infringe Plaintiff's patent, U.S. Patent Nos. 8,781,292 ("the '292 patent"). Plaintiff later amended its

complaint on February 2, 2016 and March 18, 2016, to add another claim for patent infringement with respect to U.S. Patent Nos. 9,253,452 ("the '452 patent") and claims alleging Defendant violated federal and state antitrust and unfair competition laws.[1]

On May 9, 2016, the Court entered the Initial Patent Scheduling Order (ECF No. 40), which set May through August 2016 deadlines for the parties to serve infringement and invalidity contentions, claim terms requiring construction, preliminary claim construction, and their joint claim construction statement. A Second Patent Scheduling Order (ECF No. 73) was entered on September 16, 2016, moving the claim construction briefing deadlines to October and November 2016, and continuing the *Markman* claim construction hearing to March 28, 2017. The claim construction proposals were fully briefed, including the filing of Defendant's Sur-reply Brief on Claim Construction (ECF No. 97), as of November 23, 2016.

Beginning on December 1, 2016, Defendant filed four petitions with the PTAB for *inter partes* review to address the validity of the claims of the two patents at issue in this case. Two petitions directed at the '292 patent were filed December 1, 2016, and two petitions directed at the '452 patent were filed, respectively, on December 20, 2016 and January 25, 2017.

On January 13, 2017, District Judge Murguia granted Defendant's motion to dismiss all Plaintiff's antitrust and unfair competition claims, leaving Plaintiff's patent infringement claims as the only remaining claims in this case. Defendant filed the instant motion to stay this case on January 26, 2017.

---

[1] Second Amended Complaint, ECF No. 19.

## II.   FACTORS CONSIDERED WHEN RULING ON A MOTION TO STAY CASE PENDING PETITIONS FOR *INTER PARTES* REVIEW

Courts consider the following three factors significant in deciding whether to stay judicial proceedings pending either a ruling on a petition for *inter partes* review or the review itself: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.[2] Based on these factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation.[3] Courts in the District of Kansas have previously recognized a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [the Patent and Trademark Office's] reexamination or reissuance proceedings."[4] The moving party bears the burden of showing that a stay is appropriate, and such showing must be based on more than the mere fact that a petition for *inter partes* review was filed.[5]

### A.   Stage of the Litigation

The first factor the Court considers in determining whether to stay the case is the stage of the proceedings, including whether discovery is complete and whether a trial date has been set. One consideration relevant to this factor is whether the parties have fully briefed the issue of

---

[2] *Norred v. Medtronic, Inc.*, No. 13-cv-2061-EFM/TJJ, 2014 WL 554685, at *1 (D. Kan. Feb. 12, 2014). *See also Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 6:14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015); *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 592 (2014).

[3] *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

[4] *Norred*, 2014 WL 554685, at *1 (granting stay pending *inter partes* review); *Scriptpro LLC v. Wal-Mart Stores, Inc.*, No. 05-2244-CM, 2006 WL 2294859, at *1 (D. Kan. Aug. 8, 2006) (granting stay pending reexamination of patent in suit); *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, No. 96-2459-JWL, 1997 WL 94237, at *9 (D. Kan. Feb. 26, 1997) (granting motion to stay proceedings for reexamination of the plaintiff's patent).

[5] *CANVS Corp.*, 118 Fed. Cl. at 591–92.

3

claim construction, attended a *Markman* hearing, and received a claim construction order.[6] The expenditure of judicial resources can also be an important consideration in evaluating the stage of the proceedings.[7]

The parties have been vigorously litigating this case for well over a year. They have conducted significant discovery, exchanged infringement and invalidity contentions, and all claim construction statements. However, the fact discovery deadline on the infringement claims is not set to expire until 60 days after the claim construction ruling. The parties have fully briefed the issues for claim construction with the *Markman* hearing scheduled for March 28, 2017, but the hearing has not been held and a claim construction order has not been entered. The Court has not yet invested significant resources in those activities. At the suggestion of the parties, the Court deferred setting the Pretrial Conference, a deadline for submission of the Pretrial Order, and the trial date for the patent claims until after the Court's claim construction ruling.[8] Thus, no trial date has been set. Given this case history and posture, this factor weighs in favor of a stay.

### B.      Simplification or Elimination of the Issues

The second factor the Court considers is whether a stay of this litigation pending the *inter partes* review proceedings of the asserted patents will result in the simplification or elimination of issues for the Court to consider in this case. "While the PTAB's decision to institute *inter partes* review ordinarily means that there is a substantial likelihood of simplification of the

---

[6] *Norred*, 2014 WL 554685, at *1 (citing *Interwoven. Inc. v. Vertical Comput. Sys., Inc.*,  No. C 10-04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012)).

[7] *Id.* (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.,* 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013)).

[8] *See* Minute Entry and Order, ECF No. 104.

district court litigation, that likelihood is far more speculative before the PTAB decides whether to institute *inter partes* review."[9]

Defendant argues this factor weighs in favor of staying this litigation now that Plaintiff's antitrust claims have been dismissed, noting it has challenged all asserted claims of the '292 and '452 patents in its *inter partes* review petitions. Defendant argues the claims in this case will be simplified because if the PTAB upholds the claims, Defendant will be estopped under 35 U.S.C. § 315(e)(2) from raising those arguments which were raised, or reasonably could have been raised, in the *inter partes* review petitions. If the claims are cancelled, then Plaintiff's infringement allegations will be moot. Even if only some of the claims are cancelled, this will still simplify issues and warrant a stay. Thus, Defendant contends a stay would have a significant and realistic chance of potentially eliminating asserted claims and/or possible invalidity defenses in this case, thus conserving both the Court's and the parties' time and resources.

Plaintiff argues that, as things currently stand, the PTAB has not decided whether to institute *inter partes* review proceedings, and therefore no issues will be simplified by a stay. Absent an instituted *inter partes* review, there is no chance of patent claims being cancelled or confirmed. Finally, Plaintiff argues that it is unlikely the PTAB will grant Defendant's *inter partes* review petitions because the claims of the asserted '292 patent have already received extensive scrutiny during Defendant's ex parte reexamination.

Plaintiff's argument presumes that *inter partes* review will not be granted, and ignores what might happen if *inter partes* review is granted. The Court finds that there are issues and/or claims in this case which would likely be simplified or eliminated altogether if the PTAB grants Defendant's petition(s) for an *inter partes* review. It therefore makes sense to temporarily stay

---

[9] *NFC Tech.*, 2015 WL 1069111, at *4.

these proceedings until the PTAB issues its decision whether to institute an *inter partes* review. This factor weighs in favor of a stay.

### C.      Prejudice or Clear Tactical Disadvantage

The third factor to be considered in determining whether to stay this case is undue prejudice or a clear tactical disadvantage to the nonmoving party. In evaluating this factor, "courts have taken a practical approach to determining whether the non-movant will suffer undue prejudice from a stay. A court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination, or where the stay will do nothing but delay the proceedings."[10] Mere delay in the litigation, however, does not establish undue prejudice.[11]

Defendant argues that a stay pending the *inter partes* review would not cause Plaintiff undue prejudice. The shortened timeline of the *inter partes* review process, as compared to the previous reexamination processes, would reduce the likelihood of undue prejudice to Plaintiff. Defendant asserts that it did not improperly delay in filing its four petitions for *inter partes* review and filed them within the statutorily-required timeframe. It also claims it expeditiously moved to stay as soon as the Court dismissed Plaintiff's antitrust claims and immediately after filing its final *inter partes* review petition. Since the onset of litigation, Defendant states it has searched for and marshaled a substantial volume of prior art, analyzed it, and served invalidity contentions by the deadline set forth in the Scheduling Order. The parties then engaged in the initial claim construction process whereby, Defendant contends, Plaintiff disclosed the claim construction it seeks and altered its related positions, up through and including the reply claim construction brief it filed on November 4, 2016.

---

[10] *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730 ADM/AJB, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013).

[11] *Universal Elecs.*, 943 F. Supp. 2d at 1033.

Plaintiff argues it will be severely prejudiced by a stay of this case. According to Plaintiff, Defendant is a direct competitor and recognized as a rival in the body camera market, a rapidly developing, niche market with a finite number of potential consumers, most of whom are police forces and security firms. The risk of undue prejudice is especially severe in this case, where Defendant holds the vast majority of the market share in the police body camera industry. Plaintiff also argues Defendant significantly delayed in filing its *inter partes* review petitions as Defendant has been aware of Plaintiff's patents since before April 2015, when it filed for ex parte reexamination on the '292 patent. Despite having previously performed a prior art search incident to this reexamination proceeding, Defendant waited nearly a year after Plaintiff filed this patent infringement case before requesting *inter partes* reviews of the asserted patents.

Considering all the arguments presented, the Court finds Defendant has provided a reasonable explanation for the timing of the filing of its *inter partes* review petitions nearly a year after this case was initiated.  Although the Court agrees with Plaintiff that the parties appear to be competitors in a relatively small market and therefore any prejudice to Plaintiff from a stay should be examined closely, the Court finds that Plaintiff will not be unduly prejudiced by a *temporary* stay of this action until the PTAB makes its initial decisions on Defendant's petitions for *inter partes* review. As pointed out by Defendant, the PTAB has a relatively short deadline under 35 U.S.C. § 314(b)[12] in which to determine whether to institute an *inter partes* review. Defendant filed the first two of its four petitions on December 1, 2016, and the last petition on January 25, 2017. Thus a decision by the PTAB should be forthcoming in mid-June for the first

---

[12] *See* 35 U.S.C. § 314(b) ("The Director shall determine whether to institute an inter partes review under this chapter pursuant to a petition filed under section 311 within 3 months after--

(1) receiving a preliminary response to the petition under section 313; or

(2) if no such preliminary response is filed, the last date on which such response may be filed.")

two petitions, mid-July for the third petition, and early August for its fourth and final petitions. The Court therefore finds that this factor weighs in favor of a stay.

**IT IS THEREFORE ORDERED THAT** because each of the three factors, set out in *Norred* weigh in favor of a stay, Defendant's Motion to Stay Litigation Pending *Inter Partes* Review of the Asserted Patents (ECF No. 108) is granted in part. This case and all deadlines set forth in the September 16, 2016 Second Patent Scheduling Order (ECF No. 73), including the March, 28, 2017 Markman claim construction hearing before District Judge Murguia, are temporarily stayed until the PTAB issues its initial decision(s) whether to institute an *inter partes* review of the '292 and '452 patents.

**IT IS FURTHER ORDERED THAT** the parties shall file a joint report advising the Court of the PTAB's decision(s) on Defendant's petitions, as well as the parties' respective positions as to further proceedings in this case, **within fourteen (14) days** of the PTAB's initial decision on each of Defendant's pending petitions for *inter partes* review.

IT IS SO ORDERED.

Dated this 20th day of March, 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

8