IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | )  Case No.  2:16-cv-02032 |
| TASER INTERNATIONAL, INC., | ) ) ) |
| Defendant. | ) ) ) |

**ORDER CERTIFYING MEMORANDUM AND ORDER ENTERED
JANUARY 12, 2017 [DOC. 105] AS FINAL AND DIRECTING THE CLERK TO
ENTER JUDGMENT THEREON AS PROVIDED UNDER FED. R. CIV. P. 54(b)**

The Court has before it plaintiff Digital Ally, Inc.'s ("Digital") Combined Motion to Alter, Amend or Reconsider [Doc. 107] ("Combined Motion") the Court's Memorandum and Order entered January 12, 2017 [Doc. 105] ("Dismissal Order") and otherwise to certify such Order of Dismissal or such other or further order as may modify or decline to modify it, as final, within the meaning of Fed. R. Civ. P. 54(b).  By notice filed April 12, 2017, Digital has withdrawn that portion of the Combined Motion wherein it seeks reconsideration the Order of Dismissal.  Since it appears that defendant Taser International, Inc. ("Taser") does not oppose certification of the Order of Dismissal and entry of a final judgment thereon, *see*, Taser's Memorandum in Opposition to the Motion filed February 9, 2017 [Doc. 111], the Court has determined to grant that the remaining portion of the Combined Motion and does so based upon the following findings and conclusions:

1.      In Counts III-VIII, inclusive, of its Second Amended Complaint herein [Doc. 19], Digital asserted five (5) anti-trust/unfair competition claims against Taser including, *inter alia*,

5760629_1

claims for unlawful restraint of competition in violation of § 1 of the Sherman Act, 15 U.S.C. § 1 and claims under § 2 of the Robinson-Patman Amendments to the Clayton Act, 15 U.S.C. § 13. Each of these claims is distinct, factually, from the claims for patent infringement that appear in Counts I and II of Digital's Second Amended Complaint and, on the contrary, it does not appear that they share operative facts, to any material extent, or that they arise out of the same nucleus of facts.

2. Likewise, the legal principles which govern Digital's anti-trust claims, on one hand, and its patent infringement claims, on the other, as well as Taser's defenses to each are themselves distinct and, among other things, share no essential elements in common.

3. Accordingly, the Court finds and concludes that both factually and legally the claims which are the subject of the Court's Dismissal Order and the patent claims that remain to be adjudicated in this case are separable, one from the other, State of New Mexico ex rel. State Engineer v. Trujillo, 813 F.3d 1308, 1316 (10th Cir. 2016).

4. Second, in its Dismissal Order, the Court dismissed each/all of the anti-trust/fair trade practices claims appearing in Counts III-VIII of Digital's Second Amended Complaint for the reason that Digital had failed to state any claims upon relief may be granted, within the meaning of Fed. R. Civ. P. 12(b)(6).

5. In so doing, the Court concluded that Digital was unable, even on the face of its Complaint, to prove sufficient facts to sustain any of those claims and such determination is final.

6. Third, given that Digital's anti-trust claims and its still-pending patent claims do not share facts in common and that they are not governed by the same or perhaps even similar legal principles, the Court concludes that even in the event there are multiple appeals from the

Court's determinations in this case and, in particular, an appeal of its dismissal of the anti-trust claims now followed, at some point, by an appeal respecting the patent claims, no appellate court will be required to decide the same issues more than once.

7.     As the Court has assessed the facts and the law governing these two distinct species of claim, no issues which any appellate court may decide in connection with a more or less immediate appeal of the dismissal of Digital's anti-trust claims will have to be revisited and/or re-determined, even should a second appeal arise hereafter in connection with the patent claims.

8.     For all of these reasons, the Court finds and concludes that notwithstanding the fact that its Dismissal Order adjudicates fewer than all of the claims at issue in this case, it is, nonetheless, final and dispositive with respect to the anti-trust claims that are the subject thereof and notwithstanding the pendency of the patent infringement claims, there is no just reason for delaying the entry of a final and appealable judgment upon and with respect to the anti-trust claims.

IT IS, THEREFORE, for good cause appearing, and as provided under Fed. R. Civ. P. 54(b)

ORDERED, ADJUDGED AND DECREED that the Court's prior Memorandum and Opinion entered January 12, 2017 [Doc. 105] be and hereby is certified and declared to be final, for all purposes, as provided under Fed. R. Civ. P. 54(b), and it is

FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk be and hereby is directed to enter judgment in accordance and conformity with the Court's said Memorandum and Opinion of January 12, 2017 [Doc. 105] as provided under Fed. R. Civ. P. 54(b) and 58, and it is

FURTHER ORDERED, ADJUDGED AND DECREED that notwithstanding the foregoing, the issue of the entitlement of any party to the recovery of costs, *vel non*, will be and hereby is reserved for decision at such time as Digital's remaining claims against Taser are determined by final judgment pursuant to Fed. R. Civ. P. 54.

IT IS SO ORDERED.

Dated this **14TH** day of **APRIL**, **2017** in Kansas City, KS.

/s/ Carlos Murguia
HON. CARLOS J. MURGUIA
United States District Judge