IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC.<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TASER INTERNATIONAL, INC.<br><br>　　　　　　　Defendant. | Case No. 2:16-cv-02032-CM-TJJ |

**PLAINTIFF DIGITAL ALLY, INC'S REPLY IN SUPPORT OF ITS (1) MOTION FOR LEAVE TO AMEND THE SCHEDULE TO PERMIT PLEADING AMENDMENTS OUT OF TIME AND (2) MOTION FOR LEAVE TO DISMISS THE '292 PATENT WITH PREJUDICE**

Digital Ally Inc. ("Digital") moved the Court to dismiss with prejudice its infringement allegations with respect to the '292 Patent. To accomplish this, Digital seeks (1) to amend the schedule out of time pursuant to Rule 16(b)(4) and (2) to amend its pleadings pursuant to Rule 15(a)(2) to remove the '292 Patent allegations. Additionally, Digital moved the Court to dismiss TASER International, Inc.'s ("TASER") '292 Patent counterclaim for lack of declaratory judgment jurisdiction.

TASER's Opposition notes its confusion over applicable briefing deadlines in light of a single procedural and two dispositive questions for the Court. Rather than reaching out to the Court or to Digital regarding its confusion, however, TASER filed a first Opposition that claims to address only Digital's request to amend the schedule. In reality, TASER's First Opposition addresses both Digital's request to amend the schedule and Digital's request to dismiss the '292 Patent infringement allegations.[1] Importantly, TASER's First Opposition concedes two

---

[1] TASER then filed a Second Opposition that further addressed Digital's request to dismiss the '292 patent infringement allegations.

1

important points: (1) TASER does not oppose Digital's request to amend the schedule; and (2) TASER does not oppose Digital's request to dismiss the '292 Patent.[2] Despite its lack of opposition, TASER's two-part approach has created confusion and Digital provides the below summary on the disputes in order to clarify the remaining issues.

I.  **TASER Does Not Oppose Digital's Request to Amend the Schedule and Digital was Diligent in Filing its Motion**

Digital first moves the Court for leave to amend the schedule in order to permit amended pleadings out of time so that Digital can remove its '292 Patent allegations. Dkt. No. 133, *Digital's Brief* at 5-6. The applicable standard under Rule 16(b)(4) is good cause, which requires Digital move with diligence and "provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

TASER's Opposition does not dispute the legal standard and does not object procedurally to amending the schedule. Dkt. No. 135, *TASER Opposition* at 2-3. On this admission alone the Court may grant Digital's motion. Unfortunately, TASER misrepresents the record with regard to Digital's diligence. Namely, TASER's Opposition incorrectly argues that Digital could have filed its motion to dismiss following the PTAB's decision to institute the first IPR petition for the '292 Patent on June 6, 2017. *Id*. at 2. As Digital explained in its Brief, Digital's decision to dismiss the '292 Patent in order to seek quicker relief on the '452 Patent was made possible **only when** the PTAB rejected all TASER's IPR petitions for the '452 Patent. Dkt. No. 133, *Digital Brief* at 5-6. In other words, had both patents (or no patents) been instituted by the PTAB, Digital would not be moving to dismiss any of its allegations. Its decision to streamline this litigation

---

[2] The parties engaged in a significant meet and confer process that encompassed several weeks of phone calls and emails prior to filing. During that process, TASER steadfastly maintained its opposition to Digital's request to dismiss the '292 patent. TASER's reversal after the brief was filed is both confusing and regrettable given the time and resources Digital was forced to expend briefing an issue that TASER never intended to dispute.

x

was only made possible by the PTAB's ruling on the final IPR petition. This final ruling did not issue until August 3, 2017. Digital commenced its meet and confer process with TASER shortly thereafter on August 7, 2017, which was only two business days after the PTAB issued its decision. Digital ultimately filed the current motion less than 1-month later on August 31, 2017. Because TASER does not dispute that Digital diligently sought to dismiss the '292 Patent following August 3, 2017, the Court should grant Digital's request to amend the schedule to permit pleading amendments out of time.

**II.     TASER Does Not Oppose Digital's Request to Dismiss the '292 Patent**

Amending pleadings pursuant to Rule 15(a)(2) is permitted "with the opposing party's written consent or the court's leave," and the rules expressly note that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15. Digital diligently worked through the meet and confer process attempting to avoid burdening the Court with unnecessary briefing. As shown in the following excerpt from the parties' communication, TASER steadfastly maintained its objections to the current motion by tying its consent to a separate legal question regarding its own counterclaim:

> 1) Pursuant to Rule 15(b), does TASER consent to us dismissing the '292 Patent allegations (Count 1 in our Amended Complaint) with prejudice?
>
> <u>Answer</u>:  ***Yes, if Digital acknowledges and agrees in the motion that there is still declaratory judgment jurisdiction over Axon's '292 patent counterclaim*** with respect to inequitable conduct, does not seek to dismiss that counterclaim, and agrees that counterclaim will remain pending for independent adjudication under FRCP 41(a)(2).  ***Otherwise, we object***.

Ex. A, 8/23/2017 Email from Garretson to Hart (emphasis added).

For unknown reasons, TASER changed its position, but only after forcing Digital to file the current motion and burden the Court with unnecessary briefing. TASER now unequivocally states that it "does not object to Digital amending its operative pleading to dismiss the '292

3

patent." Dkt. No. 135, *TASER Opposition* at 1. Because Rule 15(a)(2) provides for amended pleadings "with the opposing party's written consent," the standard is met with TASER's Opposition and the Court can disregard the remainder of Digital's arguments on this issue raised in its opening brief.

### III.    TASER's Counterclaim Will be Addressed in TASER's Second Opposition

The remaining issue is whether TASER's '292 Patent counterclaim must be dismissed for lack of declaratory judgment jurisdiction. Aside from confirming that it still opposes, TASER does not substantively respond to this portion of Digital's Motion in its first Opposition.

### IV.    Conclusion

Because Digital diligently moved to amend the schedule following the PTAB's August 3, 2017 decision, good cause exists pursuant to Rule 16(b)(4). Additionally, in light of TASER's newly proffered consent to dismiss the '292 Patent allegations, the Rule 15(a)(2) standard for amending pleadings is similarly satisfied. Digital will provide a reply to TASER's second Opposition in accordance with the Court's briefing deadlines.

DATE:  September 28, 2017

Respectfully submitted,
ERISE IP, P.A.

/s/ *Adam P. Seitz*
Adam P. Seitz, KS Bar #21059
Eric A. Buresh, KS Bar #19895
Jason R. Mudd, KS Bar #25749
Erise IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, Kansas 66211
Telephone: (913) 777-5600
adam.seitz@eriseip.com
eric.buresh@eriseip.com
jason.mudd@eriseip.com

4

        Paul R. Hart, admitted *Pro Hac Vice*
        Erise IP, P.A.
        5600 Greenwood Plaza Blvd., Suite 200
        Greenwood Village, CO 80111
        Telephone: (913) 777-5600
        paul.hart@eriseip.com

*Counsel for Plaintiff Digital Ally, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the CM/ECF registrants.

/s/  *Adam P. Seitz*
Adam P. Seitz, KS Bar #21059
Erise IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, Kansas 66211
Telephone: (913) 777-5600
adam.seitz@eriseip.com

*Counsel for Plaintiff Digital Ally, Inc.*