IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIGITAL ALLY, INC.,** | ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| **TASER INTERNATIONAL, INC.,** | ) Case No. 16-2032-CM ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This case is before the court on a multi-part motion filed by plaintiff (Doc. 132). Plaintiff asks the court to (1) grant leave to amend the scheduling order to permit pleading amendments out of time; (2) allow plaintiff to voluntarily dismiss the '292 patent infringement claim with prejudice; and (3) dismiss defendant's '292 patent counterclaim for lack of jurisdiction. Defendant does not oppose plaintiff's request for leave to amend to voluntarily dismiss the '292 patent infringement claim. But defendant does oppose dismissal of its counterclaim relating to the '292 patent. For the following reasons, the court grants plaintiff's motion.

First: amending the scheduling order to delete the '292 patent claim. When, as here, the deadline to amend pleadings has passed, a party seeking leave to amend must (1) demonstrate good cause to modify the scheduling order under Fed. R. Civ. P. 16(b)(4) and (2) satisfy the standard for amending pleadings under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). To show good cause, a party must "show that the deadline could not have been met even if it had acted with 'due diligence.'" *Cent. States Underwater Contracting, Inc. v Price*, No. 12-2556-JWL-DJW, 2013 WL 12250909, at *1 (D. Kan. June 20, 2013). To show due

-1-

diligence, a party "must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Amendment under Rule 15(a)(2), on the other hand, is freely given "when justice so requires." The court ordinarily will grant leave except when it "finds undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bushnell Inc. v. Brunton Co.*, No. 09-2009-KHV, 2009 WL 2914209, at *1 (D. Kan. Sept. 9, 2009) (citation omitted).

Plaintiff has met both of the above standards. In any event, defendant now represents that it does not oppose amendment and deletion of plaintiff's '292 patent claim. The court finds that both amendment and dismissal are appropriate, and grants this portion of plaintiff's motion.

Defendant opposes plaintiff's final request—that the court dismiss defendant's counterclaim for declaratory judgment of unenforceability of the '292 patent. On this issue, the court agrees with plaintiff. Plaintiff has submitted a covenant not to sue for patent infringement. Once a party dismisses infringement allegations, "a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010). The content of the covenant governs whether the court loses jurisdiction over a counterclaim in this situation. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). A case or controversy no longer exists if a covenant is comprehensive, covering "current products whether they were produced and sold before or after the covenant." *Id*. at 1300. The accused infringer may show that a case or controversy continues to exist by showing "that it engages in or has sufficiently concrete plans to engage in activities not covered by the covenant." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 94 (2013). But a mere "fear of litigation over future

products" is insufficient to demonstrate a continuing case or controversy.  *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999).

The covenant submitted by plaintiff is comprehensive.  It covers all potential infringement cases relating to the '292 patent.  It relates to defendant's products currently marketed, including but not limited to the currently-accused products.  A newer version of the covenant also includes pre-covenant products.  While the covenant does not cover future products, defendant has not shown that it has concrete plans to engage in activities not covered by the covenant.  And although the covenant does not address "colorable imitations," this consideration derives from trademark law—not patent law.  *See Already, LLC*, 568 U.S. at 92 (referring to covenant not to sue on trademark designs).

Defendant argues that the court retains jurisdiction over its counterclaim because it has jurisdiction to consider a claim for attorney fees under 35 U.S.C. § 285.  Defendant is partially correct; the court does retain jurisdiction for consideration of a motion for § 285 attorney fees.  And in considering such a request, the court may consider whether plaintiff engaged in inequitable conduct.  But these are distinct inquiries.  *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008) (finding dismissal and a covenant not to sue "divest[s] the court of jurisdiction over a declaratory judgment action regarding these patents," but concluding that the court retained independent jurisdiction over a § 285 request for attorney fees); *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2011 WL 2174919, at *3 (D. Kan. June 3, 2011) ("*Monsanto* does not suggest, however, that the fee claim confers or creates jurisdiction over the declaratory judgment claims.  To the contrary, in *Monsanto* the court ruled that the district court retained jurisdiction over the fee claim even if the covenant divested that court of jurisdiction over the declaratory judgment claims."); *Gordon-Darby Sys., Inc. v. Applus Techs., Inc.*, No. 10 C 1863, 2010 WL 5419068, at *2 (N.D. Ill. Dec. 23, 2010) (analyzing *Monsanto* and finding "no basis for retaining jurisdiction over a

declaratory judgment claim for unenforceability after a covenant not to sue has been filed and agreed upon by the parties," but allowing a motion for § 285 attorney fees.).

Defendant makes one additional argument: that the '292 patent is too interrelated with the '452 patent, and if the court dismisses defendant's '292 counterclaim, it could potentially impact rulings on the '452 patent. This is defendant's "infectious unenforceability" argument. Again, the court is unpersuaded by defendant's argument. It is true that "inequitable conduct with respect to one or more patents in a family can infect related applications . . . ." *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1230 (Fed. Cir. 2007). And as defendant points out, there are many similarities between the '292 patent and the '452 patent. But by dismissing the counterclaim without prejudice, the court is making no finding on inequitable conduct or unenforceability with respect to the '292 patent. There is no danger of impacting any ruling on the '452 patent. Interrelatedness is not a valid basis for maintaining jurisdiction over the counterclaim in this instance.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to amend, motion to dismiss the '292 patent with prejudice, and motion to dismiss the '292 patent counterclaim (Doc. 132) is granted.

Dated this 5th day of March, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**