# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC., | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) Case No. 16-2032-CM |
| TASER INTERNATIONAL, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Digital Ally, Inc. filed this patent infringement case in 2016, originally alleging that technology used with body-worn camera products sold by defendant Taser International, Inc., infringe plaintiff's patent, U.S. Patent No. 8,781,292 ("the '292 patent"). Highly generalized and summarized, plaintiff's product is a recording system for police departments to record traffic stops from two or more different cameras at the same time, but from different vantage points. When there is a "trigger" like a police vehicle siren, lights, spotlight, crash event, or a certain vehicle speed, two or more recording devices will be activated—for example, a car camera and a body cam. All of this happens automatically, so the officer does not have to remember to manually activate his body cam or other recording device. The recording devices each independently record the event. Plaintiff claims that defendant's technology, when used with certain body cameras, infringes plaintiff's patent.

Plaintiff later amended its complaint to add another claim for patent infringement with respect to U.S. Patent No. 9,253,452 ("the '452 patent"). Plaintiff voluntarily dismissed the '292 petition infringement claim. Now only the '452 patent claim remains.

The case is before the court for claim construction. The court conducted a *Markman*[1] hearing and is now prepared to issue its rulings. Three terms remain in dispute, all appearing in Claim 10 of the '452 patent: "recording device manager," "broadcast," and "substantially simultaneously."

**I. LEGAL STANDARDS**

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), guides this court's claim construction analysis. In *Phillips*, the Federal Circuit reiterated that claim terms are given their plain and ordinary meaning, which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1313. To determine how a person of ordinary skill in the art would understand a claim term, courts look to several sources, including "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." *Id.* at 1314.

In discussing these sources, the Federal Circuit explained that the claims themselves provide "substantial guidance as to the meaning of particular claim terms." *Id.* Moreover, the other claims in the patent—both asserted and unasserted—can be valuable sources regarding the meaning of a claim term. *Id.* Despite the primacy of the claim language, the specification "is always highly relevant to the claim construction analysis" and "is the single best guide to the meaning of a disputed term." *Id.* But the Federal Circuit has "expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." *Id.* at 1323. The prosecution history also helps demonstrate how the inventor understood the patent and whether the inventor limited the scope of the claims to obtain his patent. *Id.* at 1317.

---

[1] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996)

"When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l, Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). The court bears this responsibility because "the ultimate question of construction [is] a legal question." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 841, 842 (2015); *see also O2 Micro*, 521 F.3d at 1360 ("[T]he court, not the jury, must resolve that dispute.") (citation omitted). For this reason, "[a] determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate when a term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute." *O2 Micro*, 521 F.3d at 1361.

Some claim terms are written in means-plus-function ("MPF") format. This claiming format is allowed and defined by 35 U.S.C. § 112, ¶ 6, which allows an inventor to draft a claim in functional terms rather than defining the structural elements or components that accomplish the function. Claim elements that employ the word "means" are presumed to be in MPF format, and claim terms that do not include the word "means" are presumed to not be in MPF format. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015). Construction of an MPF claim term involves two steps: identifying the function first and then identifying the structure that accomplishes the claimed function. *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1332 (Fed. Cir. 2006).

## II. DISCUSSION

### A. "Recording Device Manager"

The first term at issue is "recording device manager." Plaintiff asks the court to apply the plain and ordinary meaning of this term, arguing that it requires no construction. Defendant argues that the court must use MPF format under 35 U.S.C. § 112(f) because the definition is "a device for managing recording devices." According to defendant, the function is managing multiple recording devices by syncing, receiving communication signals from, and sending communication signals to the devices.

The structure consists of housing, controller, receiver and transmitter (or transceiver), internal clock, communications port, power source, and their equivalents. Alternatively, defendant argues that the term is indefinite.

The term "recording device manager" does not include the word "means" and, therefore, is presumed to not be in MPF format. *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 703–04 (Fed. Cir. 1998). Defendant can rebut this presumption if the intrinsic and extrinsic evidence so warrants. *Id.* at 704. In determining whether defendant rebuts this presumption, "the focus remains on whether the claim as properly construed recites sufficiently definite structure to avoid the ambit of § 112, ¶ 6." *Id.*

Defendant has not rebutted the presumption. Defendant did not present testimony from a person of ordinary skill in the art to show that the claim term "fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Williamson*, 792 F.3d at 1349 (citation omitted). And the specification adequately recites structure. *See*, *e.g., Phillips*, 415 F.3d at 1311 ("The claims and the specification unmistakably establish that the 'steel baffles' refer to particular physical apparatus."). When the claim does not recite the term "means," the court may consult the intrinsic and extrinsic evidence to determine whether the "challenger has rebutted the presumption that a claim limitation . . . connotes sufficiently definite structure to those of skill in the art." *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 649 F.3d 1350, 1357 (Fed. Cir. 2011), *overruled on other grounds by Williamson*, 792 F.3d at 1349. Defendant failed to meet its burden.

The court does not believe that it would be helpful to the progression of the case, however, to rule that construction of "recording device manager" is unnecessary. Although the term is not in MPF format, the court still finds that construction is proper. Specifically, the court determines that a

"recording device manager" should be defined as "a device that receives a trigger signal from a law enforcement vehicle and, in response, broadcasts at least one communication signal including correlation data to two recording devices, instructing the first recording device to begin recording the first set of record data and instructing the second recording device to begin recording the second set of record data." This definition is derived from the claim itself and is consistent with the specification.

### B. "Broadcast"

The court next examines the term "broadcast." Again, plaintiff asks the court to apply the plain and ordinary meaning of this term, arguing that it requires no construction. Defendant asks the court to define "broadcast" as "sending a transmission simultaneously to two or more synced recording devices." The key issue here is whether the definition should include the word "synced."

The court determines that the term "broadcast" should be construed as "sending a transmission simultaneously to two or more recording devices." There is no requirement in the claim that the devices be synced. The claims define the scope of the invention—not the specification. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1347 (Fed. Cir. 2010). Claim 10 does not include the term "synced," and the court will not import it from the specification.

### C. "Substantially Simultaneously"

Finally, plaintiff argues that the court should define "substantially simultaneously" as "at the same time or nearly the same time." Defendant argues that the term is indefinite. The court agrees with plaintiff's definition of this term, and construes the term to mean "at the same time or nearly the same time." Although the term "substantially" is one of approximation, *see Apple Inc. v. Samsung Elecs. Co., Ltd.*, 786 F.3d 983, 1003 (Fed. Cir. 2015), this does not mean that it is per se indefinite, *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 64 F. Supp. 2d 233, 241 (W.D.N.Y. 1999). The court recognizes that reasonable clarity is required, but that "absolute precision is unattainable." *Nautilus, Inc. v. Biosig*

*Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014). The court concludes that one skilled in the relevant art would understand that "substantially simultaneously" merely allows for a slight difference in the time the recording devices begin recording. It is not so uncertain as to render the term indefinite.

**IT IS THEREFORE ORDERED** that certain terms in the patent at issue are construed as set forth above.

Dated this 19th day of July, 2018, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**