UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DIGITAL ALLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-2032-CM-TJJ |
| | ) | |
| TASER INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant TASER International, Inc.'s Motion to Compel ESI Discovery (ECF No. 211). Defendant requests an order compelling Plaintiff Digital Ally, Inc. to produce electronically stored information ("ESI") discovery, including email, from Plaintiff's custodian, Chief Financial Officer ("CFO") Thomas Heckman. Plaintiff opposes the motion, arguing that four of the five Requests in Defendant's Second Set of Requests for E-Mail Production ("ESI Requests") are not narrowly tailored to particular issues in this case. Plaintiff also argues that Defendant's ESI Requests 2 through 5 require Plaintiff to search Heckman's ESI for many generic search terms coupled with other commonly used words, which makes the Requests overly broad and likely to return searches containing a significant number of emails and other ESI that are not relevant to the claims and defenses in the case. The Court sustains in part Plaintiff's overbreadth and relevance objections to Defendant's ESI Requests 2–5 as specifically detailed below. Defendant's motion is granted in part and denied in part.

**I.     BACKGROUND**

Early in this patent infringement case, the parties agreed to limit each party's email production requests to five custodians and to a total of five search terms per custodian per party. Pertinent to the instant motion, the parties further agreed:

> The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.[1]

On July 13, 2018, Defendant served Plaintiff with its Second Set of Requests for E-mail Production.[2] On July 24, 2018, the undersigned Magistrate Judge held a telephone status conference with the parties. In the Joint Status Report Regarding Discovery the parties submitted to chambers, counsel advised the Court that they anticipated a discovery dispute regarding Defendant's ESI requests to Plaintiff's CFO Heckman. Counsel were ordered to confer one more time and if unable to resolve their disputes, Defendant was to file its motion to compel by July 31, 2018.[3]

The parties subsequently conferred and exchanged proposed revisions to Defendant's ESI requests. Unable to reach an agreement, Defendant filed the instant motion.

## II. DISPUTED ESI REQUESTS

### A. Defendant's ESI Request 2 - "Compet!"

Defendant states that its Request 2 seeks ESI in the custody of Heckman relating to its accused products and features forming the basis for Plaintiff's damages theories. Defendant's

---

[1] Initial Patent Scheduling Order at § 2(e)(vi), ECF No. 40.

[2] ECF No. 203.

[3] *See* Fourth Patent Scheduling Order (ECF No. 206) at 4.

Request 2 requires Plaintiff to run the following combinations of ESI search terms for custodian Heckman:

> "Compet!" and ("vievu" or "Safariland" or "watchguard" or "(watch /2 guard)" or "WG" or "ICOP" or "20!" or "vault" or "ivault" or "wireless" or "(wc /2 1000)" or "(wc /2 2000)" or "WMIC" or "MIC" or "extreme" or "TACOM" or "(signal! /2 device)" or "SPPM" or "flex" or "fleet" or "DVM" or "FirstVu" or "microvu" or "vulink" or "FleetVu" or "trigger" or "(auto /2 activat!)" or "strateg!" or "evidenc!" or "hardware" or "software" or "cloud" or "system" or "(law /2 enforcement)" or "military" or "advantage!" or "success!" or "fail!" or "win!" or "los!" or "bid" or "rfp" or "bundl!").[4]

Plaintiff argues that unlike the ESI requests it served upon Defendant, Defendant's ESI Request is not narrowly tailored to a single particular issue, as required by the parties' ESI agreements and memorialized in the Initial Patent Scheduling Order, and instead sets out such broad and generic search terms that the Request is facially overly broad.

The Court sustains Plaintiff's overbreadth objections to Defendant's ESI Request 2. Generally, search terms for ESI are overly broad when they could conceivably encompass information relevant to the litigation but would also likely encompass a significant amount of information unrelated to issues in the case.[5] Defendant's inclusion of many generic and commonly used words (and derivatives of those words) as search-term combinations renders Request 2 overly broad on its face. For example, the Court finds that a significant amount of irrelevant ESI would likely be encompassed if Plaintiff were required to search Heckman's ESI for the term "Compet!" combined with any of the following other commonly used words, such as "extreme," "trigger," "strategy!," "evidenc!," "hardware," "software" or "cloud" or "system" or

---

[4] ECF No. 212-7.

[5] *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2015 WL 13047860, at *4 (D. Kan. Mar. 31, 2015).

"advantage!" or "success!" or "fail!" or "win!" or "los!" or "bid" or "rfp" or "bundl!" The lack of any further narrowing search criteria for these commonly used words, such as linking them with other more unique terms such as a product or company name, makes ESI Request 2 overly broad on its face.

During the parties' conferring efforts, Plaintiff provided Defendant with a couple different counterproposals for Request 2. The last counterproposal served by Plaintiff on July 25, 2018 omits all search terms after the first six and proposes to search Heckman's ESI using the following combination of search terms:

> "Compet!" and ("vievu" or "Safariland" or "watchguard" or "(watch /2 guard)" or "WG").[6]

The Court rejects Plaintiff's counterproposal to Request 2 as too restrictive and narrow. Defendant has shown that many (but not all) of the other unique search terms, including accused products and prior art, in its Request 2 could lead to the discovery of ESI probative of and relevant to the issues in the case. Defendant's Request 2 is also commensurate in scope with Plaintiff's own previous ESI requests to Defendant.

Defendant's ESI Request 2 shall be limited insofar as Plaintiff shall not be required to search CFO Heckman's ESI for the term "Compet!" combined with any of the following other commonly used words: "extreme," "trigger," "strateg!," "evidenc!," "hardware," "software" or "cloud" or "system" or "advantage!" or "success!" or "fail!" or "win!" or "los!" or "bid" or "rfp" or "bundl!"

---

[6] See Pl.'s proposed revisions to ESI requests, attached to July 25, 2018 email, ECF No. 212-8.

### B. Defendant's ESI Request 3 - "Invest!"

Defendant's Request 3 requires Plaintiff to search Heckman's ESI by running the following search-term combinations:

> "Invest!" or "shareholder!" or "stock!" or "Roth" or "Gibson" or "Truelock" or "Searle" or "Fortress" or "FIG" or "Palmer" or "Shtein" or "Eriksmith" or "Aegis" or "Lubitz" or "Rockowitz" or "Fidelity") AND ("acqui!" or "financ!" or "secur!" or "monet!" or "loan!" or "offer!" or "merg!" or "buy" or "sell" or "valuation!" or "patent!" or "licens!").

Plaintiff objects that Defendant's Request 3 search-term combinations include general investment-related terms on both sides of the "AND." A search utilizing these general search terms would return and require Plaintiff to produce, for example, all its CFO's email or ESI containing the following combinations of generic terms: (1) "stock!" AND "buy"; (2) "stock!" AND "sell"; (3) "invest!" and "financ!" and (4) "invest!" AND "offer." Plaintiff argues that many of Defendant's requested search-term combinations fail to target any particular issue and amount to a scorched earth discovery tactic given that the target custodian is Plaintiff's CFO. Plaintiff further objects that Defendant's search terms themselves reveal Defendant is indiscriminately targeting all investments into all of Plaintiff's business and its efforts to sell or value itself have no relation to the monetizing of its patents.

Defendant contends that the search-term combinations set forth in its Request 3 target communications with a discrete and defined set of investors who are potentially involved in the buying, selling, licensing, monetization, or valuation of Plaintiff and the asserted patent. Discussions that Plaintiff's CFO may have had with these investors and stockholders regarding the sale, monetization, and investment into Plaintiff are relevant to how Plaintiff values its patent and whether it should ever be awarded an injunction.

The Court sustains Plaintiff's overbreadth objections to Defendant's ESI Request 3 in part. Like Request 2 above, Request 3 also requires Plaintiff to search Heckman's ESI for a combination of generic and commonly used business and investment search terms with no unique term modifiers or connectors, thereby making Request 3 overly broad on its face. The Court finds search-term combinations of the words "Invest!" or "shareholder!" or "stock!" with all of the terms following the "AND" are overly broad and Plaintiff shall not be required to conduct ESI searches for these search-term combinations.

Plaintiff served a counterproposal on July 27, 2018 suggesting that Defendant's Request 3 be revised to require Plaintiff to search its CFO Heckman's ESI using the following search-term combinations:

> ("Invest!" or "shareholder!" or "stock!" or "Roth" or "Gibson" or "Truelock" or "Searle" or "Fortress" or "FIG" or "Palmer" or "Shtein" or "Eriksmith" or "Aegis" or "Lubitz" or "Rockowitz" or "Fidelity") AND ("vulink" or "DVM" or "FirstVu" or "microvu" or "FleetVu").[7]

The Court finds Plaintiff's counterproposal is too restrictive of the terms following the "AND" in Request 3. Instead the Court will limit Request 3 to the following search-term combinations:

> ("Roth" or "Gibson" or "Truelock" or "Searle" or "Fortress" or "FIG" or "Palmer" or "Shtein" or "Eriksmith" or "Aegis" or "Lubitz" or "Rockowitz" or "Fidelity") AND ("acqui!" or "financ!" or "secur!" or "monet!" or "loan!" or "offer!" or "merg!" or "buy" or "sell" or "valuation!" or "patent!" or "licens!").

**C.    Defendant's ESI Request 4 - "Cam!"**

Defendant claims the only remaining dispute over Request 4 is whether Plaintiff should search for royalty and license information relating to its own products and generalized

---

[7] *See* Pl.'s Proposed Revisions to ESI Terms #3–#5, attached to July 27, 2018 email, ECF No. 212-9.

characterizations of those same products.  Request 4 would require Plaintiff to run the following search-term combinations for Heckman's ESI for the 2008 to present time frame:

> ("cam!" or "!cam" or "product" or "vault" or "ivault" or "DVM" or "FirstVu" or "microvu" or vulink" or "FleetVu" or "trigger" or "(auto /2 activat!)" or "bundl!") AND ("financ!" or "net" or "revenue!" or "cost!" or "profit!" or "margin!" or "sale!" or "sell!" or "sold" or "royalt!" or "licens!" or "unit!" or "period" or "quarter" or "annual" or "monet!" or "balance" or "income" or "cash!").

Plaintiff's last counterproposal suggests Defendant's Request 4 be revised to the following search-term combinations:

> "DVM" or "FirstVu" or "microvu" or vulink" or "FleetVu" or "VuVault" AND ("financ!" or "net" or "revenue!" or "cost!" or "profit!" or "margin!" or "sale!" or "sell!" or "sold" or "unit!" or "period" or "quarter" or "annual" or "monet!" or "balance" or "income" or "cash!").[8]

Defendant urges the Court to reject Plaintiff's counterproposal, arguing that Plaintiff's removal of the terms "royal!" and "licens!" is highly suspect as royalties and licenses are just as financial in nature as the other finance terms to which Plaintiff has already agreed, and royalties and licenses are frequently considered in patent damages calculations. Defendant claims Plaintiff's suggestion to remove terms such as "!cam," "cam!," "auto /2 activat!," and "trigger" makes little sense because cameras, "auto activation," and "triggers" are central to Plaintiff's patent allegations.  Plaintiff even suggested adding "auto /2 activat!" as a narrowing term to other disputed search-term combinations. According to Defendant, Plaintiff's real concern seems to stem from the supposed breadth of TASER's "cam!", "product", and "bundl!" connector terms. Defendant maintains that these search terms are appropriate, pointing out that CFO Heckman often refers to products according to what they are, i.e., cameras, and how they are sold, e.g., in a

---

[8] *See* Pl.'s Proposed Revisions to ESI Terms #3–#5, attached to July 27, 2018 email, ECF No. 212-9.

package or bundle. Thus, TASER's "cam!", "product" and "bundl!" connector terms, which are few in number, are appropriate considering their relevancy, likely efficacy, and the size of this case.

The Court sustains Plaintiff's overbreadth objections to Defendant's ESI Request 4 for the terms "product" and "bundl!" combined with generic and commonly used finance and business search terms after the "AND." The Court finds these search-term combinations are overly broad and Plaintiff shall not be required to search its CFO's ESI using these search-term combinations. The Court rejects Plaintiff's counterproposal, but modifies Defendant's ESI Request 4 so that Plaintiff shall not be required to search Heckman's ESI for the terms "product" or "bundl!" combined with any terms after the "AND."

      D.      **Defendant's ESI Request 5 - "Patent!"**

Defendant's Request 5 seeks ESI from Plaintiff's CFO from 2008 to present time frame based upon the following search-term combinations:

> "Patent!" AND ("Cam!" or "!Cam" or "(auto /2 activat!)" or "compet!" or "strateg!" or "(auto /2 activat!)" or "auto-activat!" or "automatic-activat!" or "automatically-activat!" or "auto! activat!" or "9,253,452" or "9253452" or "452" or "vulink").

Plaintiff objects to the proposed connector terms "cam!," "compet!," and "strategy." It argues that the "cam!" term would capture any patent about camera, which is far broader than the subject matter of this case. It argues the terms "compet!" and "strategy" would return any email mentioning patents and competition or strategy of any type. Defendant counters that these terms are appropriate under the circumstances and Plaintiff makes no attempt to explain why ESI requests targeting such terms are unduly burdensome, overbroad, or not proportional to the needs of this case.

The Court sustains Plaintiff's overly broad objections to Request 5. The search-term combinations of "Patent!" and "cam!" or "!cam" are overly broad and likely to return a large amount of ESI that is not relevant especially given that Plaintiff sells camera products with numerous associated patents that are not at issue in this lawsuit. The Court likewise finds the search-term combination of "Patent!" with the terms "compet!" or "strategy!," without any additional connectors or qualifiers, is likely to return a significant amount of Heckman's ESI that is not relevant to the claims and defenses in this case. Defendant's Request 5 shall be limited to the following search-term combinations:

> "Patent!" AND ("(auto /2 activat!)" or "(auto /2 activat!)" or "auto-activat!" or "automatic-activat!" or "automatically-activat!" or "auto! activat!" or "9,253,452" or "9253452" or "452" or "vulink").

**IT IS THEREFORE ORDERED THAT** Defendant TASER International, Inc.'s Motion to Compel ESI Discovery (ECF No. 211) is GRANTED IN PART AND DENIED IN PART. The Court sustains Plaintiff's overbreadth objections to certain search-term combinations in Defendant's ESI Requests 2 through 5. **Within thirty (30) days of this Order**, Plaintiff shall produce all ESI responsive to Defendant's Second Set of Requests for E-Mail Production, as limited by the Court herein.

IT IS SO ORDERED.

Dated September 11, 2018 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge