# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

    Plaintiff,

v.

TASER INTERNATIONAL, INC.,

    Defendant.

Case No. 16-2032-CM-TJJ

## MEMORANDUM AND ORDER

On September 19, 2018, the Court held a telephone discovery status conference with the parties. Plaintiff Digital Ally appeared through counsel, Paul R. Hart. Defendant Taser appeared through counsel, Lauren E. Douville, John D. Garretson, and Pamela B. Peterson. After reviewing the parties' briefing and hearing further argument, the Court grants in part and denies in part Taser International, Inc.'s Motion for Protective Order Regarding Digital Ally, Inc.'s Revised Rule 30(b)(6) Notice[1] as set forth below.

Through its briefing, Taser agreed to withdraw its request for a protective order on several topics. Accordingly, the motion is moot as to those topics. The topics remaining at issue are Topic Nos. 9, 11, 12, 15, 30, 35, 37, 38, 39, and 42.

### A. Topic No. 9

The motion for protective order to this topic is granted in part. Topic No. 9 will be limited to only that source code that was previously requested by Digital Ally and produced on a disk by Taser to Digital Ally. The suggestion by Digital Ally that this topic also extend to any "reasonably related code" is rejected because it is too vague and therefore unworkable.

---

[1] ECF 216.

**B. Topic No. 11**

The motion for protective order for Topic No. 11 is granted. The parties have agreed that "[t]he sale of the Accused Products outside of the United States, the exportation of the Accused Products and any Component Parts of the Accused Products, and the entity or entities who participate in said exportation" shall be limited to the revenue related to customers who have purchased an ASU.

**C. Topic No. 12**

The motion for protective order for Topic No. 12 is granted to the extent that Taser produces a witness to testify regarding "the design, development, and operation of Evidence.com as it works with the Accused Products . . . ."[2]

**D. Topic No. 15**

The motion for protective order with regard to Topic No. 15 is granted provided, however, that Taser shall have an authorized representative certify its response to Interrogatory No. 19.

**E. Topic No. 30**

The motion for protective order for Topic No. 30 is granted. The Court finds the phrase "[o]ther products and services sold with the Accused Products" to be vague and not sufficiently defined so that a designated witness could be properly prepared to discuss this topic.

**F. Topic No. 35**

The motion for protective order for this topic is granted in part. This topic shall be limited to SEC filings (10-K and 10-Q forms), or equivalent if not public, that pertain to the Accused Products and Evidence.com from 2014 to the present.

---

[2] ECF 235 at 9 n.5.

**G. Topic No. 37**

The motion for protective order for this topic is granted and is limited to any licenses to which Taser was a party and for which Taser may provide an expert to testify, in addition to the testimony Taser has agreed to provide in its Objections.[3]

**H. Topic Nos. 38, 39, and 42**

The motion for protective order for these topics is granted. The Court finds either that the burden outweighs any relevance of the information requested in these topics, or that these topics are vague and not sufficiently defined so that a designated witness could be properly prepared to discuss these topics.

**IT IS THEREFORE ORDERED BY THE COURT** that Taser International, Inc.'s Motion for Protective Order Regarding Digital Ally, Inc.'s Revised Rule 30(b)(6) Notice (ECF No. 216) is granted in part and denied in part as set forth herein.

**IT IS SO ORDERED.**

Dated September 21, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[3] ECF No. 218-15 at 27–28.