# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

    Plaintiff,

v.

TASER INTERNATIONAL, INC.,

    Defendant.

Case No. 16-2032-CM-TJJ

## MEMORANDUM AND ORDER

The Court conducted a telephone status conference with the parties on October 9, 2018 at the parties' joint request. Plaintiff appeared through counsel, Adam P. Seitz and Clifford T. Brazil. Defendant appeared through counsel, John D. Garretson and Lauren E. Douville. The parties disagree as to two issues: Plaintiff's request for production of working samples of Defendant's products, and whether Defendant may amend its invalidity contentions. The parties submitted separate summaries of the issues, and the Court heard argument from counsel during the status conference. The Court denies Plaintiff's request for further production of Defendant's products. The Court takes the issue of whether Defendant may amend its invalidity contentions under advisement pending further briefing from the parties.

### I. Production of Defendant's Products

At issue are Defendant's accused products, the Axon Signal Unit ("ASU") and camera products. The parties agree that the ASU functions by being hardwired into a police car, and when it is activated, it turns on the corresponding cameras. Data regarding the activation and captured video is logged to Evidence.com, which the parties agree is not an accused product.

Plaintiff claims it requested production of the ASU and the cameras in its First Set of Requests for Production in April 2016. The parties agree that Defendant instead offered to make

the products available for inspection rather than producing them. As a result, no motion to compel was ever filed on this issue. Plaintiff argues that although Defendant did make the products available for inspection, they were not functional. The first inspection took place in December 2016. Plaintiff says it did not raise the issue of the non-functional products at that time because shortly thereafter, the case was stayed.[1] The second inspection lasted three days, beginning September 18, 2018. Defendant claims Plaintiff failed to raise any problem with the products at either inspection or at any time until now.[2] Plaintiff says its inspection of the products was "nearly meaningless" because they were non-operational for both inspections.

      The Court finds Plaintiff's request to be untimely. Plaintiff knew or should have known in December 2016 that it would need to request the type of inspection it now seeks. Plaintiff's claim that the two inspections it conducted were "nearly meaningless" only furthers this finding. The Court is not persuaded by Plaintiff's statement that it didn't raise the issue after the December 2016 inspection because of the discovery stay. The motion to stay was not filed until January 26, 2017,[3] and the stay was not entered until March 20, 2017.[4] The stay was then lifted on November 17, 2017,[5] well in advance of the second September 2018 inspection. Further, the Court held a discovery status conference on January 10, 2017, before the motion to stay was filed and after the December 2016 inspection, and the parties advised the Court they had no discovery disputes or issues requiring the Court's attention.[6]

---

[1] ECF No. 115.

[2] Plaintiff's counsel emailed defense counsel on September 28, 2018 asking to purchase the accused products. Defendant claims the email does not mention any problem with the inspection that had taken place September 18-20.

[3] ECF No. 108.

[4] ECF No. 115.

[5] ECF No. 147.

[6] ECF No. 104.

Even if the Court were to find Plaintiff didn't raise the issue in December 2016 because of the stay, Plaintiff provided no explanation for why it would not have raised the issue before or during the September 2018 inspection. There was no effort to act until the parties contacted the Court requesting a status conference on October 5, 2018, just three days before the discovery deadline.[7] Plaintiff failed to file a motion to compel after Defendant objected to producing the accused products, despite being granted two extensions of time in which to do so.[8] Plaintiff instead agreed to Defendant's offer to inspect the accused products rather than have them produced. Plaintiff said the production of the accused products was not what it understood Defendant's offer to be, yet Plaintiff failed to ever raise any concerns about either inspection before now. For these reasons, Plaintiff's request is denied.

## II. Defendant's Request to Amend its Invalidity Contentions

Defendant asks to amend its invalidity contentions to include arguments based on Plaintiff's DVM-750 system and DVM-1000 microphone. Defendant claims it was unaware of how the signaling between the system and the microphone worked until the August 27, 2018 deposition of former Digital Ally employee Bob Haler.

Plaintiff argues the DVM-750 system and DVM-1000 microphone have been sold for years, even before the filing of this lawsuit, and Defendant was aware of them. Further, it contends Mr. Haler was identified in supplemental initial disclosures filed November 1, 2016, and that Mr. Haler was listed as an inventor on at least one patent included in the first amended complaint filed February 2, 2016.[9] As such, Defendant knew or should have known it would

---

[7] The fact discovery deadline pursuant to the Fourth Patent Scheduling Order (ECF No. 206) was September 17, 2018, the day before the second inspection began. On September 1, 2018, the parties requested to extend the fact discovery deadline to October 8, 2018, which the Court granted (ECF No. 248).

[8] *See* ECF No. 50 and ECF No. 56.

[9] ECF No. 9.

need to take his deposition two years ago instead of waiting until August 2018, a few weeks before the then-scheduled close of fact discovery.

Plaintiff admits the detail of the signaling was not included in the manual it previously produced to Defendant and is only available by reviewing the source code. Defendant claims Plaintiff initially refused to produce the source code until recently. The Court has taken this issue under advisement and instructed the parties to submit further briefing, not to exceed five pages from each side, by October 15, 2018 at 8 a.m. to chambers.

### III. The Parties' Joint Requests

The parties request an extension of the initial expert report deadline, currently set for October 17, 2018. The Court grants the parties' request and extends the expert report deadline to October 23, 2018. The parties also request an extension of the rebuttal expert report deadline. The Court also grants that request and extends the rebuttal expert report deadline from November 16, 2018, to November 21, 2018.

The parties have agreed to exchange written deposition questions relating to their source code productions. The parties also agreed to provide responses to these questions by October 19, 2018. Should any disputes or objections arise, the parties shall submit in writing a brief summary of the disputes to the Court by October 24, 2018. Plaintiff may delay responding to any questions related to Defendant's proposed amended invalidity contentions until after the Court rules on that issue.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's request for production of working samples of Defendant's products is denied.

**IT IS FURTHER ORDERED** that Defendant's request to amend its invalidity contentions is under advisement pending further briefing by the parties. The parties shall submit their briefing, not to exceed five pages, to chambers by October 15, 2018 at 8 a.m.

**IT IS FURTHER ORDERED** that the expert report deadline is extended to October 23, 2018.

**IT IS FURTHER ORDERED** that the rebuttal expert report deadline is extended to November 21, 2018.

**IT IS FURTHER ORDERED** that the parties shall serve responses to written deposition questions relating to their source code productions by October 19, 2018. Should any disputes or objections arise, the parties shall submit in writing a brief summary of the disputes to the Court by October 24, 2018. Plaintiff may delay responding to any questions related to Defendant's proposed amended invalidity contentions until after the Court rules on that issue.

**IT IS SO ORDERED.**

Dated October 12, 2018, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge