# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

    Plaintiff,

v.

TASER INTERNATIONAL, INC.,

    Defendant.

Case No. 16-2032-CM-TJJ

## MEMORANDUM AND ORDER

Before the Court is Defendant Taser International, Inc.'s Motion to Amend Invalidity Contentions (ECF No. 272). Plaintiff Digital Ally, Inc. opposes the motion (ECF No. 275). For the reasons set forth below, the Court denies Defendant's motion.

**I.   Background**

The extended fact discovery deadline in this case expired on October 8, 2018.[1] On October 5, 2018, the parties contacted the Court to schedule a telephone status conference to discuss two issues: Plaintiff's request for production of working samples of Defendant's products, and Defendant's request to amend its invalidity contentions. The Court conducted a telephone status conference with the parties on October 9, 2018.[2] The Court denied Plaintiff's request,[3] and allowed the parties to brief the issue of Defendant's request to amend.[4]

Defendant claims it learned details about the DVM-750 system and the DWM-1000 microphone ("the DVM system"), and specifically how they interact, during Robert Haler's

---

[1] ECF No. 248.

[2] *See* ECF No. 268.

[3] *Id.*

[4] On October 15 and 16, 2018, Defendant filed its sealed motion to amend, and Plaintiff filed its sealed response in opposition, ECF Nos. 272 and 275, respectively.

deposition on August 27, 2018. Defendant believes this new information invalidates the asserted claims of the '452 patent at issue in this case.

Plaintiff argues Defendant knew or should have known about the DVM system no later than May 17, 2016, when Plaintiff disclosed it as a commercial embodiment and produced documents describing the interaction between the system and the microphone. Additionally, Plaintiff says Mr. Haler was identified as a person with knowledge on November 1, 2016, but Defendant failed to depose him until August 2018. Defendant says it couldn't have known the extent of the interaction without production of the source code, which Plaintiff did not provide until recently.

## II. Applicable Local Patent Rule

District of Kansas Patent Local Rule 3.5 governs the amendment of infringement and invalidity contentions. This is not Defendant's first request to amend its invalidity contentions in this case.[5] Thus, Defendant seeks to amend pursuant to subsection (b), which allows amendment of invalidity contentions "only by order of the court upon a timely showing of good cause." Examples of circumstances that typically will support a showing of good cause include: "(1) Recent discovery of material, prior art despite earlier diligent search; or (2) Recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions."

Additionally, subsection (c) requires the moving party to confer in good faith with the opposing party, and the moving party must arrange for and hold a telephone conference with the court before filing the motion. Both of these conditions have been met.

---

[5] Defendant was previously granted leave to amend its invalidity contentions on March 2, 2018 (ECF No. 161).

**III.   Analysis**

Unlike Defendant's first request to amend its invalidity contentions, in this instance there is no showing by Defendant of the required diligence pursuant to D. Kan. Pat. Rule 3.5(b). Defendant knew or should have known in 2016 that it would need to depose Mr. Haler, and it knew or should have known that it would need to conduct further discovery to learn how the DVM system interacted. Defendant argues even though it did not request the source code until a few weeks before the close of fact discovery, Plaintiff – Digital Ally – initially refused to produce the code, so it is "clear that Digital would have never volunteered to produce it."[6] But this argument is not persuasive. Defendant says only that Plaintiff refused to produce the source code because it believed it was not relevant. However, if Defendant had requested the source code in 2016, even if Plaintiff refused to produce it, Defendant could have filed a motion to compel seeking an order requiring production. Instead, Defendant waited until just a few weeks before the close of discovery despite having knowledge of the DVM system since 2016.

Defendant cites *Symantec Corp. v. Veeam Corp.*[7] as authority for granting a motion to amend invalidity contentions shortly after the close of fact discovery. But the circumstances of that case are very different from ours. In *Symantec Corp.*, Defendant indicated a year prior that it had not included two products in its invalidity contentions because Plaintiff failed to provide responsive documents. Plaintiff did not produce the documents until several months later, shortly before the close of fact discovery, and included 189,000 pages and 13,000 files in the production. Four days after discovery closed, Defendant filed its motion to amend its invalidity contentions. That court granted the motion in part because Defendant had notified Plaintiff almost a year

---

[6] ECF No. 272 fn. 7.

[7] No. 12-05443, 2013 WL 3490392, at *3 (N.D. Cal. July 11, 2013).

before that it was waiting on responsive documents before it could include the products at issue in its invalidity contentions. Plaintiff delayed responding to Defendant's request for 10 months. The court therefore found that much of the delay was caused by Plaintiff, and found Defendant needed non-public documents to determine whether it could claim the two products at issue invalidated the patent.

Here, there is no indication that Defendant notified Plaintiff of its intent to amend its invalidity contentions until near the discovery deadline. There is also no indication that Defendant's failure to include the DVM system in its invalidity contentions is because of any delay on Plaintiff's part. Mr. Haler was identified as a person with knowledge in November 2016. Plaintiff further provided information regarding the DVM system throughout 2016. But Defendant failed to fully investigate its proposed invalidity contention until August 2018. Defendant says it could not determine whether the DVM system invalidated the patent without the source code and the depositions it recently conducted. But Defendant made no effort to obtain the source code or depose those witnesses before August 2018, just a few weeks before the close of discovery. Defendant has failed to show good cause for its belated request to amend its invalidity contentions.

Additionally, the Court finds Plaintiff likely would be prejudiced if Defendant were allowed to amend its invalidity contentions at this late date. Fact discovery has now closed. Defendant has already been granted a previous request to amend its invalidity contentions. And, unlike the first time Defendant was granted leave to amend its invalidity contentions, the Court has already entered its claim construction order. Because discovery has closed, Plaintiff would not be able to conduct its own discovery into Defendant's new contentions unless the Court extended the discovery deadline, which would likely extend all other remaining deadlines in this

case, including trial. "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders."[8] Defendant's motion is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Taser International, Inc.'s Motion to Amend Invalidity Contentions (ECF No. 272) is denied.

**IT IS SO ORDERED.**

Dated October 30, 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[8] *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. Dec. 21, 2016).