UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

          Plaintiff,

v.                                        Case No. 2:16-cv-02032-CM

TASER INTERNATIONAL, INC.,

          Defendant.

## PRETRIAL ORDER

A pretrial conference was conducted in this case on January 16, 2019, by U.S. Magistrate Judge James.  The plaintiff, Digital Ally, Inc., appeared through counsel, Adam Seitz and Clifford Brazen of Erise IP, P.A.  The defendant, TASER International, Inc., appeared through counsel, John Garretson, Trent Webb, and Lauren Douville of Shook, Hardy & Bacon, and Pam Petersen of Axon Enterprise, Inc. (formerly TASER).

This pretrial order supersedes all pleadings and controls the subsequent course of this case.  It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice.  Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(b).

## 1.  PRELIMINARY MATTERS.

    **a.  Subject-Matter Jurisdiction.**  Subject-matter jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1338(a) and is not disputed.

**b.     Personal Jurisdiction.**  The court's personal jurisdiction over the parties is not disputed.

**c.     Venue.**  Venue in this court is not disputed.

**d.     Governing Law.**  Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by federal law, including 35 U.S.C. § 1 *et seq.*

**2.     STIPULATIONS.**

**a.**     The following facts are stipulated:

1.     Plaintiff Digital Ally, Inc. ("Digital Ally") is a Nevada corporation having its principal place of business at 9705 Loiret Blvd., Lenexa, Johnson County, Kansas 66219.

2.     Defendant TASER International, Inc. ("TASER") is a Delaware corporation having its principal place of business at 17800 North 85th Street, Scottsdale, Arizona 85255.

3.     On February 2, 2016, United States Patent No. 9,253,452 ("the '452 Patent") entitled "Computer Program, Method, and System for Managing Multiple Data Recording Devices" was issued by the U.S. Patent and Trademark Office ("USPTO") to Digital Ally with Stanton E. Ross, Troy D. Bowlin, and Matthew R. Andrews listed as inventors.

4.     The '452 Patent issued from U.S. Patent Application No. 13/967,151 ("the '151 Application") was filed on August 14, 2013.

2

5.      Digital Ally is the owner by assignment of all right, title, and interest to the '452 Patent.

6.      Digital Ally asserts that TASER has infringed and is infringing claims 10, 14, 15, 16, and 20 ("the asserted claims") of the '452 Patent.

7.      On February 2, 2016, Digital Ally filed its Amended Complaint adding a claim of infringement against TASER based on the '452 Patent.

8.      Digital Ally is accusing the Axon Vehicle Signal Unit (also referred to as the Axon Signal Unit or "ASU") in combination with at least one Axon body camera (the Axon Body 2, Axon Flex 1, or Axon Flex 2) and at least one other Axon body camera or Axon Fleet 1 or Axon Fleet 2 vehicle-based camera (collectively, the "Accused Products") of infringing the asserted claims of the '452 Patent.

9.      International Patent Application Number WO 014/000161 to Xu is prior art to the '452 Patent.

**b.**      The parties have not yet stipulated to the admissibility of any exhibits for purposes of summary judgment or trial. However, they anticipate filing such stipulations in advance of trial.

**3.      FACTUAL CONTENTIONS.**

**a.      Contentions of Plaintiff.**

TASER has infringed the asserted claims of the '452 Patent by making the Accused Products. The Accused Products meet each limitation of the asserted claims of the '452 Patent as those limitations have been construed by this Court.

The asserted claims of the '452 Patent are presumed valid under 35 U.S.C. § 282. That presumption can only be overcome if TASER provides clear and convincing evidence of their invalidity. Each of the asserted claims of the '452 Patent is presumed valid independently of the validity of the other claims under 35 U.S.C. § 282. There is no evidence that any single prior art reference discloses, expressly or inherently, each and every limitation of any of the asserted claims, and that the asserted claims therefore are not anticipated or invalid under 35 U.S.C. § 102. There is no evidence that the asserted claims are obvious, in light of the prior art, 35 U.S.C. § 103; there is no evidence that the prior art, alone or in combination, discloses each limitation of any of the asserted claims; and there are no other rationales to support a conclusion of obviousness. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007).

Digital Ally is entitled to an award of damages in the amount of no less than a reasonable royalty based on TASER's infringement of the '452 Patent, including prejudgment and post-judgment interest.

TASER's infringement has been and continues to be willful. This Court should treble any damages awarded to Digital Ally as a result of TASER's willful infringement.

Digital Ally is also seeking a permanent injunction preventing TASER from continuing to make, sell, offer to sell, and/or use the Accused Products. Digital Ally can meet its burden to prove (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that an injunction is

4

warranted when balancing the hardships between Digital Ally and TASER; and (4) that the public interest would not be disserved by a permanent injunction.

TASER cannot meet its burden to prove inequitable conduct based on the ICOP System and documents describing the ICOP System (collectively, "ICOP Prior Art"). First, TASER cannot establish that the ICOP Prior Art was material to the prosecution of the '151 Application that issued as the '452 Patent. To be found material the undisclosed prior art must be but-for material—it must be established that the USPTO would not have allowed a claim had it been aware of the undisclosed prior art. TASER cannot establish (and has not attempted to establish through any expert analysis) this but-for materiality. Second, the ICOP Prior Art was cumulative of prior art submitted by Digital Ally to the USPTO during prosecution of the '151 Application. Finally, there is no evidence that any person with a duty to disclose prior art to the USPTO intended to deceive the USPTO as there is no evidence that any person with a duty to disclose knew that the ICOP Prior Art was material or that any person with a duty to disclose made a conscious decision not to submit the ICOP Prior Art to the USPTO for the purpose of deceiving the USPTO.

**b.    Contentions of Defendant.**

TASER does not infringe and has not infringed any valid and enforceable claim of the '452 patent by manufacturing (or otherwise making) any of the Accused Products. Even if the Accused Products were combined by TASER in the manner that Digital Ally accuses of infringement (which they are not), the Accused Products fail to meet numerous limitations of the asserted claims.

Each of Digital Ally's asserted patent claims is invalid as anticipated under 35 U.S.C. § 102 or is obvious under AIA 35 U.S.C. § 103 in view of the prior art identified in TASER's invalidity contentions, in addition to the prior art identified in and opined upon in the expert report of Dr. Dan Schonfeld.  TASER has asserted numerous invalidity defenses that together or alone invalidate each asserted patent claim of the '452 Patent.

Digital Ally has not and cannot meet its burden to prove that TASER willfully infringed any asserted claim of the '452 patent.  First, TASER did not have pre-suit knowledge of any of the issued claims of the '452 patent.  Second, TASER did not know or believe, nor was it so obvious that it should have known, that there was a high likelihood that it was infringing a valid patent.  Digital Ally is not entitled to treble damages.

Digital Ally has not and cannot meet its burden to prove that it is entitled to damages, including a reasonable royalty.  Digital Ally likewise has not proven that the entire market value rule applies or that Digital Ally is entitled to convoyed sales of unaccused TASER products, such as revenues from TASER's evidence.com service and subscription.  Digital Ally is not entitled to any pre-judgment or post-judgment interest.

Digital Ally cannot meet its burden to prove that it is entitled to an injunction.  First, Digital Ally cannot prove any irreparable injury or that the remedies available at law to Digital Ally, such as a reasonable royalty, would be inadequate to compensate Digital Ally for any alleged injury.  Second, the balance of hardships weighs against an injunction.  For example, Digital Ally has not proven that TASER's sales of the alleged Accused Products has inhibited Digital Ally's ability to sell its own competitor products.  Furthermore,

Digital Ally cannot prove that it competes against TASER in the same market. Third, the public interest would be disserved by an injunction. TASER's Accused Products can be used by public officials, such as police officers, to improve safety and increase accountability. Enjoining TASER from making the Accused Products, including products that have numerous, substantial non-infringing uses, would harm the public interest.

TASER can meet its burden to prove inequitable conduct based on the ICOP Prior Art. The ICOP Prior Art was material to the prosecution of the '151 Application that issued as the '452 Patent. But for Digital Ally's omission of the ICOP Prior Art, the USPTO would not have allowed any of the claims of the '452 Patent. TASER's technical expert, Dr. Dan Schonfeld, opines at length about how the ICOP prior art applies to the claims of the '452 patent. Furthermore, Stan Ross, the alleged lead inventor of the '452 Patent was aware of the ICOP Prior Art, and his failure to disclose the ICOP Prior Art constituted an intent to deceive the USPTO. In addition, the ICOP Prior Art was not cumulative of any prior art submitted by Digital Ally to the USPTO during prosecution of the '151 Application.

4.     **LEGAL CLAIMS AND DEFENSES.**

a.     **Legal Claims of Plaintiff.**

Digital Ally asserts that it is entitled to recover upon the following theory:

1.      Infringement of U.S. Patent No. 9,253,452 – TASER has infringed one or more of the asserted claims of the '452 Patent by making the Accused Products (Count II of Second Amended Complaint, Dkt. 19). *See, e.g.*, 35 U.S.C. § 271 *et seq*.

2.      U.S. Patent No. 9,253,452 is valid – The asserted claims of the '452 Patent are presumed valid and enforceable, and there exists no clear and convincing evidence that could overcome that presumption. *See* 35 U.S.C. § 282.

3.      Exceptional Case – This is an exceptional case under 35 U.S.C. § 285, and Digital Ally should be awarded its reasonable attorneys' fees.

**b.      Defenses and Counterclaim of Defendant.**

TASER asserts the following defenses and counterclaim:

1.      TASER does not infringe any asserted claims of the '452 Patent.  *See, e.g.*, 35 U.S.C. § 271(a).

2.      TASER's Accused Products do not literally meet every limitation of any asserted claim of the '452 Patent.

3.      TASER has not willfully infringed the '452 Patent, and Digital Ally is not entitled to treble damages.

4.      The asserted claims of the '452 Patent are invalid under 35 U.S.C. § 102 for anticipation.

5.      The asserted claims of the '452 Patent are invalid under 35 U.S.C. § 103 for obviousness.

6.      The '452 Patent is invalid and unenforceable due to Digital Ally's intent to deceive the USPTO by failing to submit to the USPTO the material ICOP Prior Art during the prosecution of the '151 application, which led to the '452 Patent.

7.      This is an exceptional case under 35 U.S.C. § 285, and accordingly TASER should be awarded its reasonable attorney fees.

5.      **DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

**Digital Ally's Damages and Non-Monetary Relief Requested**

1.      Digital Ally currently states that it is entitled to damages in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284. As set forth in Digital Ally's expert report, dated October 23, 2018, at the time of the hypothetical negotiation, Digital Ally and TASER would have agreed on a royalty rate of at least 20% applied against a royalty base of sales of TASER's accused ASUs, Axon Signal-compatible cameras and their associated docks, and related purchases of Evidence.com. Thus, reasonable royalty damages to Digital Ally as a result of TASER's infringement of the '452 Patent from February 2, 2016 through August 17, 2018 are $68,456,524. Prior to trial in this matter, Digital Ally will supplement its damages calculations.

2.      Digital Ally is also seeking pre-judgment and post-judgment interest to the damages award ultimately awarded to Digital Ally.

9

3.     Digital Ally is also entitled to have the damages ultimately awarded by the jury trebled by this Court pursuant to 35 U.S.C. § 284 based on TASER's willful infringement of the '452 Patent.

4.     Should this Court find this case exceptional under 35 U.S.C. § 285, Digital Ally should be awarded its costs and reasonable attorneys' fees in an amount to be determined after trial.

5.     Digital Ally also seeks a permanent injunction under 35 U.S.C. § 283—for the reasons set forth in Digital Ally's response to TASER's Interrogatory No. 22 dated September 10, 2018—to prevent TASER from continuing to infringe the asserted claims of the '452 Patent.

**TASER's Damages and Non-Monetary Relief Requested**

1.     TASER contends that Digital Ally is not entitled to any damages because the asserted claims of the '452 Patent are invalid and not infringed.  If Digital Ally is entitled to damages, then Digital Ally is entitled to no more than $500,000 related to ASU sales only.

2.     Digital Ally is not entitled to costs or to pre-judgment or post-judgment interest on any damages.  Should TASER prevail on its defenses, and the Court finds this case exceptional under 35 U.S.C. § 285, TASER should be awarded its costs and reasonable attorney fees in an amount to be determined after trial.

      3.    For the reasons mentioned above, Digital Ally is not entitled to a permanent injunction.

**6.    AMENDMENTS TO PLEADINGS.**

None.

**7.    DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by October 8, 2018. Discovery is complete, except as noted below.

The parties may request additional fact and expert discovery in the event the District Judge rules in TASER's favor on TASER's Objections to Magistrate Order Denying Leave to Amend Invalidity Contentions to Add Plaintiff's System as Invalidating Prior Art, ECF Doc. 279-1, filed November 13, 2018. If the District Judge rules in TASER's favor, Digital Ally anticipates that it will need additional fact discovery to rebut TASER's new obviousness theory. TASER disputes that any additional fact discovery is needed. Digital Ally will also submit a supplemental expert report regarding the DVM prior art, and the parties agree that both parties' technical experts will be deposed on their opinions relating to the DVM prior art.

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions or other pretrial preparations. Although discovery may be conducted beyond the deadline for completion of discovery <u>if</u> all parties are in agreement to do so, under these circumstances the court

will <u>not</u> be available to resolve any disputes that arise during the course of such extended discovery.

8.    **MOTIONS.**

    a.    **Pending Motions.**

        1.    TASER's Objections to Magistrate Order Denying Leave to Amend Invalidity Contentions to Add Plaintiff's System as Invalidating Prior Art, ECF Doc. 279-1, filed November 13, 2018.

        2.    TASER's Motion for Leave to File a Reply in support of its Objections to Magistrate Order, ECF Doc. 294, filed December 21, 2018.

    b.    **Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

**Digital Ally's Intended Motions:**

        1.    Digital Ally anticipates filing a summary judgment motion, challenging TASER's (1) inequitable conduct defense/counterclaim and (2) invalidity theories based on ICOP.

        2.    Digital Ally anticipates filing motions in limine.

**TASER's Intended Motions:**

        1.    TASER anticipates filing a summary judgment motion of (1) no infringement, (2) no willful infringement, and (3) no entitlement to convoyed sales.

        2.    TASER anticipates filings *Daubert* motions against Digital Ally's damages and technical experts.

3.      TASER anticipates filing motions in limine.

The dispositive-motion deadline, as established in the scheduling order and any amendments, **January 31**, **2019**.

The parties should follow the summary-judgment guidelines available on the court's website:

http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent an order of the court.

### c.      Motions Regarding Expert Testimony.

All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed in accordance with the dispositive-motion deadline stated above.

## 9.      TRIAL.

The court will subsequently set the case for trial. TASER's defense and counterclaim of inequitable conduct is the only claim that will not be tried before a jury, should it survive summary judgment. All other remaining claims and defenses will be tried before a jury.  Trial is expected to take approximately 7 days.  The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial *[or as otherwise stated in the scheduling order].*  If no dispositive motions are timely filed, or if

the case remains at issue after timely dispositive motions have been decided, then the trial judge will convene another pretrial conference to discuss, among other things, the setting of deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

IT IS SO ORDERED.

Dated January 23, 2019, at Kansas City, Kansas.


_s/ Teresa J. James_
Teresa J. James
U. S. Magistrate Judge


DATED: January 11, 2019                              Respectfully submitted,

                                                     ERISE IP, P.A.

                                                     /s/ _Adam P. Seitz_
                                                     Adam P. Seitz, KS Bar #21059
                                                     Eric A. Buresh, KS Bar #19895
                                                     Michelle L. Marriott, KS Bar #21784
                                                     Clifford T. Brazen, KS Bar #27408
                                                     Jason R. Mudd, KS Bar #25749
                                                     Erise IP, P.A.
                                                     7015 College Blvd., Suite 700
                                                     Overland Park, Kansas 66211
                                                     Telephone: (913) 777-5600
                                                     adam.seitz@eriseip.com
                                                     eric.buresh@eriseip.com
                                                     michelle.marriott@eriseip.com
                                                     cliff.brazen@eriseip.com
                                                     jason.mudd@eriseip.com

14

Paul R. Hart, admitted *Pro Hac Vice*
Erise IP, P.A.
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
Telephone: (913) 777-5600
paul.hart@eriseip.com

James F.B. Daniels, KS Fed. #70468
Michael J. Gorman
McDOWELL, RICE, SMITH &
BUCHANAN
605 W. 47th Street, Suite 350
Kansas City, MO 64112
Telephone: (816) 753-5400
jdaniels@mcdowellrice.com
mgorman@mcdowellrice.com

*Counsel for Plaintiff Digital Ally, Inc.*


**SHOOK, HARDY & BACON LLP**

*/s/ John D. Garretson*
B. Trent Webb (KS Bar # 15965)
bwebb@shb.com
John D. Garretson (D. Kan. # 78465)
jgarretson@shb.com
Lauren E. Douville (*Admitted Pro Hac Vice*)
ldouville@shb.com
Daniel Staren (*Admitted Pro Hac Vice*)
dstaren@shb.com
Thomas M. Patton (*Admitted Pro Hac Vice*)
tpatton@shb.com
Lydia Raw (*Admitted Pro Hac Vice*)
lraw@shb.com
2555 Grand Blvd.
Kansas City, MO  64108-2613
Phone: 816-474-6550
Fax: 816-421-5547

Pamela B. Petersen (*Admitted Pro Hac Vice*)
Arizona Bar No. 011512
AXON ENTERPRISE, INC.
17800 N. 85th Street
Scottsdale, AZ 85255-9603

Telephone: (623) 326-6016
Facsimile: (480) 905-2027
ppetersen@axon.com
Secondary: legal@axon.com

*Counsel for Defendant TASER*
*International, Inc.*

16